## POSTERGRAPH CO et v TRUNDLE ENGINEERING CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 11587.  Decided June 15, 1931

Tolles, Hogsett & Ginn, Cleveland, for Postergraph Co.

R. G. Curren, Cleveland, and Paul Howland, Cleveland, for Trundle Engineering Co.

MAUCK, PJ, MIDDLETON, J, (4th Dist) and FARR, J (7th Dist), sitting.

MAUCK, PJ.

The errors assigned in this case run almost exclusively to the construction of the contract of hire and while the weight of the evidence is strongly relied upon by the plaintiff in error, that question, too, depends upon the issues in the case and the issues depend upon the proper interpretation of the contract sued on.

The plaintiff claimed and the trial court held that the contract was ·to be so interpreted as to require the plaintiff to per-

form in the manner in which engineers would ordinarily perform services of the character contemplated under the same or similar circumstances. The defendant claimed by its cross petition that the contract required the performance of the plaintiff to be judged by the results thereof and that the plaintiff should be required to so perform that the projection unit to be designed by the plaintiff should be superior to the unit theretofore made by the defendants.

This difference in construction runs through the whole case. If the construction claimed by the defendant were sound the verdict would be, erroneous for more than one reason, including the weight of the evidence. The contract was prepared by the plaintiffs on forms which it was accustomed to employ. In law this may enable the court to liberally interpret the contract against the plaintiff; in fact, however, the terms of the contract leave nothing for interpretation. The defendants were developing and attempting to perfect certain apparatus for simplifying color photography of a delicate character requiring as many exposures of an object as there were colors to be reproduced. The results sought could only be attained by having the camera and the object photographed in the second and succeeding exposures in the identical relation that they bore to each other on the first exposure. The projection unit to accomplish this required a frame of the greatest rigidity and facilities for resetting the camera and the plates in the identical position after the first exposure. The plaintiff understood the defendants' needs. The plaintiff may well be said to have held itself out as skilled in engineering, but it does not appear to have represented itself as able to solve the mechanical problems of the defendants. It did not undertake to perfect the apparatus of the defendant nor to improve it. If either such purpose had been contemplated by the parties such purpose would have been expressed. The plaintiff did express its belief that it would accomplish what the defendants desired and it is not claimed that it did not honestly so believe. It did not, however, promise to succeed.

The contract was in the form of a letter addressed to the plaintiff. It begins:

"The undersigned hereby requests you to redesign and build a projecting unit on the following terms and conditions:"

There follow certain provisions for the defendants' protection not here important, and then follows the schedule for the plain-

tiff's compensation. Five Dollars per hour for one class of work and other prices for other work. The contract was terminable at any time by the defendants. There was accordingly nothing in the contract that bound the plaintiff to any degree of success in the efforts it was to make. It was to be paid on the 15th and last of each month when, of course, it could not be told whether the result of its efforts would be of value or not. This contract was entitled to the construction given it by the trial court. Performance by the plaintiff was not to be determined by the results achieved.

Under this view the verdict and judgment can not be said to be against the weight of the evidence even though the projection unit designed by the plaintiff was wholly useless at the time the plaintiff ceased working thereon. Moreover, it appears that it was not wholly useless because with some alterations made by engineers in Chicago it was made into a serviceable instrument.

The third special instruction given by the court at the instance of the plaintiff is complained of. It might have been simpler and better but it is not erroneous, under the interpretation of the contract given by us to that instrument. Instead of defining the character of the services to be rendered by the plaintiff as a whole, it so defines such services by piecemeal. There was no error in so doing.

The eighth special instruction is likewise complained of. As the jury found that the plaintiff had not broken its contract this instruction was not prejudicial, if erroneous. In the particular complained of, however, it was not erroneous, as it defined the defendants' right of recovery in its cross-action on the precise words of the cross-petition.

The defendant further complains that the trial court did not charge on a claimed novation, especially as to Abbott. The answer to this is that none was pleaded. Neither the principal defendant nor Mr. Abbott sought exoneration on that ground. Moreover no such instruction was requested. In both particulars the present case is distinguished from **Life Insurance Company v Hoyer, 66 Oh St 344.**

The claimed irregularity in the reception of the verdict is not impressive. The court did not charge the jury in the absence of counsel. The jury was only permitted to correct an obvious clerical error.

Judgment affirmed.

MIDDLETON and FARR, JJ, concur.