## RICE v CO-OP CABS, Inc

Ohio Appeals, 2nd Dist, Franklin Co

No 2401.   Decided Oct 10, 1934

Cowan, Adams & Adams, Columbus, for plaintiff in error.

Carl W. Lortz, Columbus, for defendant in error.

### OPINION

By BARNES, J.

The petition in error sets out four specifications of error but under the briefs the entire question is buttressed upon the claimed error of the trial court in directing verdict.

The trial court based its conclusion on the theory that the uncontradicted evidence disclosed that the taxi involved in the accident was not owned by the defendant company and further that the driver was not the agent or employee of defendant.

Counsel for plaintiff in error contend that the evidence introduced upon behalf of plaintiff made a prima facie case on every element essential to recovery, and further that the evidence introduced by defendant on the question of ownership of

the car, agency of driver and operation in course of employment still left the question of fact for the determination of the jury as to whether or not such evidence would overcome plaintiff's prima facie case.

It is further urged that the jury might properly have disbelieved the witness for defendant, and that the trial court in directing the verdict transgressed the province of the jury.

Had the defendant declined to introduce any evidence we would then have before us the direct question as to the application of the case of **Sobolovitz v The Lubric Oil Company, 107 Oh St, 204.**

Through the introduction of the one witness by defendant the identity of the driver of the taxi was furnished.

We think the law is established in this state that where a chauffeur or agent is regularly employed in the operating of a motor vehicle for an owner that the presumption arises in the absence of proof to the contrary that the operation is in the course of his employment. We cite the following cases in support of this principle:

**Rosenberg, a minor, v Reynolds, 11 Oh Ap 66;**

**Braum v Aberdick, 113 Oh St, 613; on page 616 of the opinion;**

**Rad v Gamble, 13 Oh Ap, 488, 490;**

**Schmidt & Schmidt v Schwab, 17 Oh Ap, 127;**

**Holmes v Taxi Cab Co., 28 Oh Ap, 382 (6 Abs 678).**

Volume 42 Am. L. Rep. An. pp 898-922.

Prior to the abolishment of the scintilla rule as announced in the case of **Hamden v Ohio Fuel Gas Co., 127 Oh St, 469,** we are inclined to think the trial court would have been in error in directing a verdict in favor of the defendant. However, after a careful reading of the entire record, we think that it is manifest that reasonable minds could not have arrived at any different conclusion.

The testimony of the plaintiff is contradictory and on its face discloses an unbelievable situation.

The testimony of the driver of the taxi dove-tails into the contradictions and presents omitted facts which give us an understandable picture. To illustrate: The plaintiff testifies that he entered the taxi as a passenger for the purpose of taking him home from the junction of Arcadia and North High Street to West Lane, a distance of about two and a half miles. Later he says he did not say anything to the taxi driver, but the arrangement was made entirely by his nephew who was also a passenger. Instead of turning west at Lane in the direction of plaintiff's home, the taxi proceeded south down High Street and then turned east, and was driving around in the eastern part of the city from one until nearly three-thirty. The plaintiff says he made no objections nor inquiry as to the purpose of this trip in the opposite direction.

He does say that his nephew wanted to go out east, but this does not explain the continuous driving around for two and one-half hours with a stop of approximately five minutes at some location in the eastern part of the city.

The taxi driver testifies that he had completed his day's work and had stopped at the Dutch Oven Restaurant for a night lunch before going to his home. That while there the nephew of the plaintiff approached him with the proposition that the three go out to get some liquor. That neither the plaintiff nor his nephew were passengers but they were all on a joint enterprise in the furtherance of a frolic of their own. He presents evidence that they made an unsuccessful attempt to pick up some girls and later stopped at at least two speakeasies where they procured liquor; that all drank liquor and that the plaintiff was intoxicated. The accident happened at about 3:30 in the morning.

The nephew was not presented as a witness, the excuse being that he was in Mansfield. Evidence was presented that he was in the Mansfield Reformatory, but of course this would not prevent taking his evidence by deposition.

There are many other parts of the record corroborating the theory that the driver of the taxi was in a joint enterprise with the plaintiff and his nephew in a frolic of their own.

There certainly was manifest justice in the verdict as returned under the direction of the court.

Finding no prejudicial error, the judgment of the court below will be sustained at costs of plaintiff in error.

Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.