## RUMMELL v CO-OP CABS, INC.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3036. Decided Oct. 7, 1939.

Albeitz, Bigony & Mecartney, Columbus, for plaintiff-appellee.

Carl W. Lortz, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law from the action of the judge in dismissing the jury and declaring a mistrial in this case then on trial.

We have heretofore had this case before us on a motion of plaintiff to dismiss defendant's appeal. Briefly, the essential facts are that the parties went to trial to a jury upon issues drawn in an action by the plaintiff for damages for personal injuries claimed to have been suffered by plaintiff by reason of the negligence of the driver of an automobile cab owned by defendant company, the agency of the driver of the cab which struck plaintiff being denied. Plaintiff had introduced her evidence and rested, whereupon counsel for the defendant indicated that he "would like to make a motion in the absence of the jury". The court then excused the jury ("until tomorrow morning at 9:00"). Counsel for defendant then moved the "court to direct a verdict for the plaintiff on the ground there is no showing of agency and for the second reason that the plaintiff's own testimony shows contributory negligence".

After the jury had been excused until the morning following the date of the motion, the court, after hearing counsel on the motion, expressed the opinion that it should be sustained upon the ground that agency of defendant's driver had not been proven but no formal action was taken by the court. When court convened the next morning there were but eleven members of the jury panel present, one member being absent because of sickness. The court informed counsel of the situation and inquired if they would proceed with a jury of eleven members. Defendant counsel agreed to waive a full jury and to proceed with eleven jurors. Plaintiff's counsel refused. Counsel for defendant then insisted that the court pass upon his motion; plaintiff's counsel urged that it had been withdrawn. The court said that the motion had not been withdrawn but that he could not

direct a verdict because of the absence of a juror and thereupon declared a mistrial and discharged the jury.

On the afternoon of the same day counsel for defendant filed a demurrer to the evidence and a motion to arrest the evidence from the jury, both of which the court overruled. From this action of the trial judge the appeal is prosecuted.

Ten errors are assigned but they may be generally considered upon the question whether or not the court erred in refusing to sustain either of the motions or the demurrer of defendant.

It will be noted that according to the record the jury had been dismissed before the motion for directed verdict was interposed. So that, at no time after this motion was filed were there twelve jurors in the jury box. Upon the first opportunity that the trial judge had to decide the motion there was not present a full jury.

It is urged by plaintiff that the defendant had withdrawn its motion but the record will not support this conclusion. There is a suggestion in the record that defendant's counsel would be willing to proceed with the trial with his witnesses. Even so, that would not effect the withdrawal of the motion and the court would in any event have been put to the necessity of passing upon it.

The entry reciting the overruling of the motion of the defendant for directed verdict and the charging of the jury over the objection of defendant's counsel does not state the reason upon which the trial judge based his ruling. However, if the action taken was proper then whether or not a correct reason was assigned is immaterial. This requires a consideration of the major question whether or not either ground of the motion is well made. Clearly the claim that contributory negligence of the plaintiff appeared as a matter of law can not be sustained. A second and more difficult query is whether the plaintiff made sufficient proof that the driver of the cab which struck plaintiff was the agent of defendant acting in the master's business at the time of the accident. The testimony on this

subject is quite limited and most of it can be set forth specifically.

It appears from the evidence that plaintiff, on the evening of November 10, 1937, was struck by a Co-Op Cab as she crossed from the southeast corner of Gay and High to the west side of High Street in the City of Columbus. The driver of the cab, Shirley A. Holloway, testified by deposition and on direct examination the following questions were propounded and answers made, at page 73:

"Q. I'll ask you what your occupation was on Nov. 10, 1937?
A. I was driving a Co-Op Cab.
Q. Where?
A. In Columbus, Ohio.
Q. I'll ask you where you were driving your cab on that day on or about 5:25 in the evening?
A. I was going north on High Street at Gay Street.
Q. Do you recall an accident that occurred at that time and place?
A. Yes, my cab hit a lady at Gay and High Streets.
Q. Where, if at all, did you hit this lady?
A. About 4 or 5 feet west of the curb, about 68 feet north of the curb at the southeast corner."

At page 74,

"Q. When did you first observe her?
A. I was cruising High Street looking for a load, * * *"

It is our judgment that the testimony which we have heretofore set out made a case in all essential elements which entitled the plaintiff to go to the jury on the question of the agency of the driver of defendant's cab. The testimony is indeed meager and it is difficult to understand why counsel, who had the driver of the cab which struck the plaintiff on the stand, did not interrogate the witness fully upon all essentials of his relationship to defendant. Upon that which is elicited from the witness it appears that he, on the date and at the time when the plaintiff was injured, was in the employ of the Co-Op Cab Company, driving a cab for them and that he was cruising High Street at the place where plaintiff was injured,. looking for a load of passengers. That is to say, that he was about his master's business. This quantum of proof is █ sufficient as against a motion for directed verdict. **Rice v Co-Op Cab Co., 18 Abs 308,** and cases therein cited.

The action then of the trial judge in refusing to sustain the motion for directed verdict was not erroneous.

We come then to consider the other errors argued in the briefs of counsel. The action of the trial judge in overruling the demurrer to the evidence and the motion to arrest the evidence from the jury was proper because the demurrer and the motion were presented after the court had formally discharged the jury from further service under §11420-7, GC, and the cause no longer stood for trial.

Was the action taken upon the motion for directed verdict correct? A constitutional jury consists of twelve individuals and it generally may be said that "a jury of less █ than twelve is erroneous in either civil or criminal cases unless a jury of this number has been waived by the parties or unless such lesser number was authorized by constitutional provision, or statute enacted pursuant to authority conferred by such a provision". 35 C. J. 233.

When upon the record there is a disputed question of material fact, upon which reasonable minds █ may differ, its determination is solely for the jury and a denial to a party of that right is a violation of his constitutional right to a trial by jury. If, upon full probative effect given to all facts adduced by a party plaintiff he has as █ a matter of law failed to establish an essential element of his case, then it is the obligation of the court to pronounce the legal effect of such failure of proof. This action of a trial judge either upon a

demurrer to the evidence, a motion to arrest the evidence from a jury, or a motion to direct a verdict has uniformly been held to deny no constitutional right of trial by jury. So that, a jury which is the trier of the facts may become upon directed verdict the agency through which the court pronounces the effect of the law controlling the case upon the undisputed facts. A directed verdict is the act of the judge. That which the jury ▮▮▮▮▮▮▮▮ does pursuant thereto is but a ministerial act.

In Reay v Reay et (Cal.) 275, p. 533, where two causes of action were submitted and the court directed a verdict for the defendant on one of them but the jury returned a general verdict for the plaintiff, the court held that the court was empowered to enter judgment for the defendant upon that cause of action upon which the court had directed a verdict and said,

"Direction of verdict in favor of one party is decision by court on question of law, and jury, in giving verdict on such an order acts ministerially as instrument of court and is not at liberty to refuse obedience thereto, and the court is empowered to enter judgment in such case, irrespective of whether jury returns any verdict, or if jury refuses to return verdict in compliance with instructions."

Hopkins v Nashville, C. & St. L. Railway (Tenn. Supreme Court), 32 L. R. A. 354, is one of the strongest opinions which it has been our privilege to read. It exhaustively considers the decisions of practically every state in the Union on the question of the right of a court, in the light of the constitutional guarantee of the right to trial by jury, to dismiss a suit on a demurrer to the evidence when all legitimate inferences to be drawn from the facts adduced make out no cause of action. The opinion demonstrates that in all of the states, excepting five, such right is recognized. Among the states listed as supporting this right of the trial judge is Ohio. **Ellis & Morton v The Ohio**

**Life Ins. & Trust Co., 4 Oh St 525.** At page 358 the writer of the opinion quotes from the Encyclopaedia Britannica in its article, "Jury",

"The jury are a body of laymen, selected by a lot, to ascertain, under the guidance of a judge, the truth in questions of fact arising either in a civil litigation or a criminal process * * *. Their province is strictly limited to questions of fact, and within that province they are still further restricted to the exclusive consideration of matters that have been proved by evidence in the course of the trial. They must submit to the direction of the judge as to any rule or principle of law that may be applicable to the case," etc.

Further on, quoting from Forsyth in his "History of Trial by Jury", at page 359, it is said:

"If the facts upon which plaintiff relies are uncontroverted and are expressly admitted by defendant, together with all legal and reasonable inferences that may be deduced therefrom, it is difficult to perceive what function is to be performed by the jury in settlement of such agreed facts."

In Garretson v Ferrall, et al., (Supreme Court of Iowa) 61 N. W. 251, the trial judge had in the absence of a jury adjudicated an issue which should have been submitted to a jury and entered judgment on that finding. The court held that as the evidence before the court would have warranted a direction of a verdict consonant with the finding reached by the trial judge there was no reversible error in the action taken. It probably is unnecessary to cite the cases which we have discussed because the principle therein announced is so well recognized in this jurisdiction that it needs no support of adjudication. It does, however, clarify the respective rights and obligations of the trial judge and the

jury in law cases and emphasizes the proposition that where the question is one of law its determination and the adjudication thereon is peculiarly and exclusively for the judge.

Counsel are agreed that there is no blue bottle case in America. We are inclined to believe that this is a true statement. We have been unable to find any exactly in point. There is, however, one case which is so similar to ours as to be of interest and value, Forgy and Wells v Rapier Sugar Co. (Ken.) 230 S. W., 534. This was a jury case. Plaintiff had submitted its evidence and rested. Defendant moved for directed verdict which was sustained. This action was taken on the second day of the trial on which day one of the jurors was absent on account of sickness. No evidence was taken after the absence of this juror and the motion was made when but eleven of the twelve jurors were in the box. It should be noted that plaintiff did not ask that the swearing of the jury be set aside, a continuance granted or note any unwillingness to proceed in the absence of the sick juror. The jury returned the verdict as instructed and judgment was entered thereon. This action was assigned as error. The court said that although a verdict directed by a court is nominally the action of a jury it is in fact a decision by the court that as a matter of law plaintiff's evidence fails to show any right of recovery; that a motion for directed verdict is essentially, in its practical effect, a demurrer to the evidence and that in the situation presented the action of the trial judge was correct.

In the instant case plaintiff's counsel objected to proceeding with the eleven jurors but this does not in any essential particular change the effect of the Kentucky case which we have just cited. The strength of that case is found in the declaration that the action of the jury in carrying out the order of the court on a verdict is but a ministerial act.

What, then, if plaintiff had failed in her proof was the obligation of the trial judge in this case in the situation prevailing at the time the motion for directed verdict was passed upon? The jury of twelve persons had not been discharged. Eleven members of the panel were in the box. No right of the plaintiff would have been invaded had a full jury been present if the court had directed a verdict against her, although such action would not in any sense have have been the determination of the jury. If the members of the jury present when the court passed on the motion had signed the verdict as instructed by the trial judge there would have been eleven signatures to the verdict. Had the full jury been present, nine signatures would have been sufficient in any situation.

We are certain that had the court directed a verdict against the plaintiff, if the agency of the defendant was not proved, no prejudicial error would have resulted because the court had the power to effectuate his determination of the law by a judgment on a demurrer to the evidence. A failure to direct the verdict in our judgment would in like situation have been prejudicially erroneous. No substantial right of the plaintiff could, in any view of the situation as it developed at the time that the court passed on the motion for directed verdict, have been violated had the directed verdict been returned. The twelfth juror, had he been present, could not have prevented the verdict even though antagonistic thereto. Although technically there was not a legally constituted jury in the box, practically, this could not in any wise affect the rights of the plaintiff. She had had at all times when there was any factual question for consideration a full jury to consider those facts. At the time when the motion for directed verdict was passed upon there was no action which required the exercise of any prerogative of the members of the jury. At this juncture they were but the instrumentality to carry out the direction and judgment of the court.

We have considered the many cases cited by counsel for the parties, especially those of defendant's counsel,

although we have not at length commented on them in this opinion.

The trial judge committed no error in overruling the motion of defendant for directed verdict, its demurrer to the evidence and motion to arrest the evidence from the jury for the reason that a prima facie showing had been made of the agency of defendant's driver.

Judgment affirmed.

GEIGER and BARNES, JJ., concur.