## SCHENCK, Plaintiff-Appellee v CO-OP CAB COMPANY, INC., Defendant-Appellant.

Ohio Appeals, 2nd District, Franklin County.

No. 3480. Decided January 7, 1943.

John M. Collins, Columbus, and Warren A. Smith, Columbus, for plaintiff-appellee.

Carl W. Lortz, Columbus, for defendant-appellant.

### OPINION

By GEIGER, P. J.

This matter is before this court on an appeal from the judgment of the Court of Common Pleas of Franklin County, awarding judgment to the plaintiff, based upon the verdict of a jury, for $500.00.

The grounds of appeal given by the attorney for defendant states, "Said appeal is on questions of law and fact."

This, of course, is not correct, but inasmuch as counsel have treated the case as if it were an appeal upon law we will raise no question as to this matter.

This action was based upon alleged injury due to an automobile collision.

478

The evidence presented in this case is not persuasive, but the question is whether of not the court erred in any of the matters alleged in the assignments of error. These are as follows:

(1) In failing to sustain the motion of the defendant, made at the end of plaintiff's case for directed verdict;

(2), (3) The verdict was against the weight of the evidence and excessive;

(4) In admitting certain testimony;

(5) In overruling the motion of the defendant for judgment, notwithstanding the verdict.

There was a petition and an amended petition. In neither the petition nor the amended petition is there any allegation upon which judgment could be based against James Mason, who appears to have been the driver of the cab of the defendant and who has since died. He was made party defendant. The amended petition is to the effect that on the afternoon of the 13th of March, 1937, plaintiff was a passenger in the automobile owned and driven by her husband in a westerly direction on West Mound Street, in the city of Columbus; that the same had reached a point on West Mound Street about 20 feet east of its intersection with Ceneral Avenue when the automobile in which plaintiff was a passenger was struck by Cab No. 507. operated at the time in pursuance of the business of the defendant.

Plaintiff alleges certain injuries and states that the injuries arose as the proximate result of the negligence of the defendant in the operation of its taxicab in the following particulars: (1) In starting their said taxicab from a standing position at the curb line without giving any signal to traffic proceeding in a westerly and easterly direction on Mound Street; (2) in driving said taxicab against the side of the automobile in which this plaintiff was a passenger; (3) in failing to look to the rear before starting their taxicab from a standing position and turning into the line of traffic directly in front of the automobile in which this plaintiff was a passenger.

The evidence introduced by parties in this case is, as usual, in conflict.. Plaintiff's evidence tended to show that at the time in question she was riding in an automobile driven by her husband, in a westerly direction on Mound Street, and that a car belonging to the defendant, Co-Op Cab Company, operated by its authorized agent, was stopped on the north curb of Mound Street, near the intersection of Central Avenue. It had taken this position along the curb to receive a passenger; that as the car driven by plaintiff's husband passed the parked taxicab, it pulled out from the curb and struck the right rear fender of the automobile of plaintiff's husband. On the other hand, it is claimed by defendant that the taxicab was standing still along the curbstone and that the car in which plaintiff was riding, intending to turn right into Central Avenue, cut in

too close to the parked taxi of the defendant, and struck the same with the right rear fender.

There is evidence tending to show that as the two cars came in contact they were locked for a short time by the defendant's front bumper becoming engaged in the rear fender of the car in which the plaintiff was riding.

Counsel for defendant, in his statement to the jury, admitted that the taxi belonged to the defendant company.

After the plaintiff's evidence was introduced, a motion was made for directed verdict, which was overruled, and after all evidence was introduced such motion was repeated and also overruled, except that the court dismissed Mason as a party defendant.

First, taking up the question as to whether the verdict was against the weight of the evidence or excessive. The court, upon reading of the record arrives at the conclusion that there was sufficient evidence, such as it was, to justify the verdict, and that the court would not be justified in setting the verdict aside as against the weight of the evidence. This also is true in reference to the amount of the verdict. If the woman was injured, as she claims to have been, the verdict was not excessive, although generous.

Defendant-appellant stresses the fact that there was no evidence in this case to the effect that the taxicab was driven by a duly authorized agent of the defendant in the performance of his duties as such taxicab driver. The evidence on this point is the admission of counsel that the taxicab belonged to the defendant.

Robert Woodman, the witness called by the defendant, testified that he went to a storeroom adjacent to the point where the accident occurred, and telephoned to the defendant company for a taxicab; that in response to his telephone message the taxicab appeared, and while he was getting into the same, but before the taxicab had started away from the curb, the automobile in which the plaintiff was riding struck the parked taxicab.

In the case of **House v Stark Iron & Metal Co., 33 Abs 345**, this court, in a divided opinion, held that where it is proven or admitted that the defendant was engaged in a certain business and operating a car upon the streets of Columbus, driven by a chauffeur, the jury was justified in inferring that the driver was the agent of the defendant, operating within the scope of his employment.

The case above referred to gave rise to the examination of all the extant cases bearing upon the question as to the inference justified fro ma certain state of facts. Barnes, J., dissented from that judgment. basing his dissent largely upon **Sobolovitz v Lubric Oil Co., 107 Oh St, 204**, and **White Oak Coal Co. v Rivoux, 88 Oh St, 18**.

The House case was so thorough in discussion of the principles, pro and con on this point that it would be a waste of time to again review them, and we simply cite this case as a thorough discussion of the point in question.

480

There are, however, a number of other cases that would seem to bear upon the point and strengthen the conclusion arrived at in the stated case.

We refer to **Rice v Co-Op Cab Co., 18 Abs 308.**

This court, in an opinion by Barnes, J., held a presumption arises where a chauffeur or agent is regularly employed in operating a motor vehicle for an owner, that any operation of such agent or chauffieur is in the course of his employment in the absence of proof to the contrary. This case refers to and relies upon **Rosenberg v Reynolds, 11 Abs 66; Braun v Aberdick, 113 Oh St, 613,** with special reference to page 616 of the opinion, where the court states:

"Had the proof simply shown that Schroer was the regular driver of the truck, employed by the owners for the purpose, and that at the time of this accident he was driving the truck with the owner's authority, express or implied, the presumption would obtain that Schroer was acting within the scope of his employment."

In the case at bar, there is the admission that the cab was owned by the defendant and in addition the testimony to the effect that after the accident there was a conversation between the cab driver and the other parties involved; Woodman testified that the cab came in response to his call. It is also in evidence that after the accident, Mr. Schenck, drove to the main office of the Cab Company to lodge with officers there a complaint against the action of the driver of the cab in coming in contact with his car, but it appears that he found no one with whom to lodge his complaint.

Sustaining this position, see also: **Rosenberg v Reynolds, 11 Oh Ap, 66,** in which it is held that,

"Where the evidence discloses that at the time of plaintiff's injury by an automobile it was the property of the defendant and was being operated by his chauffeur employed to operate the same, an inference arises, in the absence of evidence to the contrary, that the chauffeur was, at the time of the injury, acting within the scope of his employment and about his employer's business."

**Schmidt v Schwab, 17 Oh Ap, 127,** holds in substance that in an action for injuries alleged to have been caused by being struck by a truck where the evidence establishes that at the time of the accident the truck was in charge of his servant whose duty it was to operate it, and who was regularly in the possession and use of the same, with the consent, knowledge and authority of the owner, the presumption arises that the servant, at the time, was acting within the scope of his authority.

**Holmes v Yellow Cab Co., 28 Oh Ap, 382,** further discusses the matter and states, on page 386, that under certain conditions, com-

parable to those in the case at bar, "inference arises that the employee in charge thereof was acting within the scope of his employment and about his employer's business." **Rosenberg v Reynoids,** above cited. See also **Hozian v Crucible Steel Casting Co., 132 Oh St, 543,** opinion by Zimmerman, J.

While the evidence in this case is not very illuminating. we are of the opinion that as a reviewing court we should not set aside the verdict of the jury and we also arrive at the conclusion that under the cases cited the court committed no prejudicial error in overruling the several motions of the defendant for a directed verdict and a verdict non obstante veredicto, or in admitting the testimony in relation to the occupant of the cab, listed as error No. 4.

Judgment of the court below affirmed.

BARNES and HORNBECK, JJ., concur.