RASP v OHIO STUTZ CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9155. Decided Jan 21, 1929

A E Sweigert and Lieghley, Halle, Haber & Berick, Cleveland, for Rasp.

Joseph B. Keenan, Cleveland, for Stutz Co.

Judges MAUCK and MIDDLETON of the Fourth District and FARR of the Seventh District sitting.

**MIDDLETON, PJ**

The most that may be claimed for this testimony and the fact that at the time of the collision Black was driving a machine of the defendant Company, is that by inference the jury might have found that Black was an agent or employee of the Company. But to entitle the plaintiff to a recovery, it must further appear that Black at that time was engaged in his employer's business within the scope of his employment and driving his employer's machine with its authority, express or implied. **Coal Company vs. Rivoux, 88 O.S. 18.** These additional facts necessary to be established, may only be inferred from the fact that Black was the agent or employee of the Company. This cannot be done, for the reason that one inference may not be predicated on another inference. **Baking Company vs. Middleton, Volume 36 page 248, Unreported Opinions Court of Appeals.**

It follows that the trial court correctly and properly directed a verdict for the defendant and its action in that behalf is affirmed.

Mauck and Farr, JJ, concur.