**HABEKER v HOUCK et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2270. Decided July 27, 1933

J. R. Clutter, Columbus, for plaintiff.
John W. Cooper, Columbus, for defendants.

## OPINION

By BARNES, J.

While the action is not appealable, as clearly decided by the Supreme Court in **Investment Company v Haass, 110 Oh St, 188,** but no objection was interposed and under a rather recent decision of our Court of last resort unless the right of appeal is challenged before trial and judgment, it is waived. The **Trumbull Savings & Loan Co. v Saviers et, 115 Oh St, 403.**

In the case of **State ex v Prestien, 93 Oh St, 423-427,** it is stated that the Court of Appeals may sua sponte dismiss because not appealable.

It is the general practice for the reviewing court to determine the case on the merits in the absence of a motion attacking the right of appeal. The only judgment and order appealed from is that under date of December 13, 1932, appointing Walter J. Booth receiver and the further orders therein prescribing his duties, compensation and orders of defendant to turn over funds.

The authority for appointing a receiver is found in §11894, GC. The pertinent portion of this section §11894 reads as follows:

"A receiver may be appointed by the Supreme Court or a judge thereof, the Court of Appeals or a judge thereof in his district, the Common Pleas Court or a judge thereof in his district, or the Probate Court in causes pending in such courts respectively in the following cases: 1. In an action * * * between partners or others jointly owning or interested in any property or fund on the application of the plaintiff or of the party whose right to or interest in the property or fund or the proceeds thereof is probable and when it is shown that the property or fund is in danger of being lost, removed or materially injured." (Black face is ours).

The action is before us for determination de novo. As heretofore indicated, no transcript of the evidence in the court below is before us. The only data presented from which we can determine the question is the application for appointment of a receiver and the agreed statement of facts.

The application has heretofore been quoted in full. There is nothing in the agreed statement of facts furnishing even a scintilla of evidence that the property or fund is in danger of being lost, removed or materially injured. The court must make such a finding before it can appoint a receiver. In the absence of any evidence on the question, the application must fail.

Defendants appeal will be sustained and plaintiff's application for appointment of a receiver dismissed at his costs. The cause will be remanded to the Court of Common Pleas for further proceedings on questions not determined in this proceeding. An entry may be drawn accordingly.

HORNBECK, PJ, and KUNKLE, J, concur.