## SEFF ADVERTISING CO v GITTER

Ohio Appeals, 9th Dist, Summit Co

No 2390.   Decided March 6, 1934

Waters, Andress, Wise, Roetzel & Maxon, Akron, for plaintiff in error.

Carl M. Myers, Akron, for defendant in error.

## OPINION

By STEVENS, J.

No claim is made by defendant that there was not sufficient evidence of negligence upon the part of the driver of said motor truck to warrant a recovery against defendant by plaintiff, if said driver was at the time acting as the agent of defendant and within the scope of his employment and authority.

Four assignments of error are urged:

1. Error in the admission of evidence.

2. Error in the court's refusal to direct a verdict for defendant.

3. Error in the charge of the court.

4. That the verdict is against the weight of the evidence.

The disposition of all of these assignments of error, except No. 3, depends upon the propriety of the admission of certain testimony on the question of what the driver of defendant's truck was doing at the time of the collision.

The record discloses that the truck owned by defendant was driven by one Winkler, a regular employee of defendant, who was accompanied at the time of the collision by a Mr. Sams, also an employee of defendant.

The car in which plaintiff was riding was driven by Richard Neuland, admittedly plaintiff's agent.

Neuland testified that immediately after the impact of the two cars he asked Winkler who he was and what he was doing, and that Winkler replied that he was moving some equipment for the Seff Advertising Co., the defendant. He further testi-

fied that the officer, Fisher, in his presence and hearing, asked the driver of defendant's truck what his name was and that the driver replied his name was Winkler; that the officer then asked Winkler what he was doing, and that Winkler replied, "moving equipment for the Seff Advertising Co." That testimony was corroborated by the officer, Fisher.

All of the latter testimony, however, was admitted over the objection and exception of defendant, and with the admonition by the court that "the jury will consider the evidence solely for the purpose of determining what the man was doing at the time of the accident, and not for the purpose of determining the question of agency."

Winkler's testimony, on defendant's case in chief, was to the effect that he and Sams had been sent out by the defendant company to remove a stage upon a sign located at the corner of East Market street and Buchtel avenue in the city of Akron, Ohio; that before they had completed the removal of said stage, it became lunch time, and that he and Sams started in the truck for Winkler's home on Gorge boulevard, in the northern part of the city, to get their lunch; that he had not been authorized to use the truck for that purpose; and that, while he had so used said truck upon previous occasions, no one in authority at defendant company knew of such use, and it was while going to his home that the collision in which plaintiff was injured occurred. Winkler further denied that he had made the statements attributed to him by Neuland and Fisher.

If the testimony of Neuland and Fisher was competent, then this action was properly submitted to the jury, and the verdict, in our opinion, is not manifestly against the weight of the evidence, and the defendant's motions to direct a verdict in its favor were properly overruled.

It will be observed, in the instant case, that, while plaintiff's petition alleged that the truck of defendant was being driven by the agent of defendant, acting within the scope of his employment and authority, the answer of defendant admitted the ownership of the truck, but denied, through the medium of a general denial, the agency of the driver.

The statements attributed to Winkler, by Neuland and Fisher, were, in our judgment, neither of such a spontaneous character, nor closely enough connected in point of time, to have been properly admissible as constituting part of the res gestae, but were mere narrations of a past occurrence and related to a matter not then pending.

Winkler, however, was called by defendant, and, upon direct examination, denied that he had made the statements alleged by Neuland and Fisher to have been made by him with reference to what he was doing at the time of the collision; thus the proper foundation was laid for the impeachment of Winkler as to his statements to Neuland and Fisher. Said statements related to a material matter, and it was competent, on rebuttal, for the sole purpose of affecting the credibility of Winkler, to contradict him, by the testimony of Neuland and Fisher that Winkler did make such statements to them, although such statements were made at such a time and under such circumstances as not to be a part of the res gestae. The error was in admitting such impeaching evidence out of order.

The record discloses that the defendant admitted that it owned said truck and that it was regularly used in the prosecution of its business, and the evidence further discloses that Winkler was its regular employee and that he was in its employ on said day; that in his work for the defendant he regularly used defendant's truck; that on the morning in question he was ordered to use said truck in the prosecution of defendant's business; that, with a helper, he was in charge of the work of carrying out said order; and that at the time of the accident said order had not been changed, the work he had been ordered to do had not been completed, and he had not yet returned to the place of business of the defendant. It is therefore apparent that the inference that at the time of the accident Winkler was in the prosecution of the defendant's business, is so strong and compelling as to have made it necessary for the defendant to have him testify that he was not at that time in the prosecution of the defendant's business.

When the whole record is considered, although the proper order of presentation was not observed, the evidence was fully developed before the jury, and both parties had the full benefit of all the evidence and no more evidence than they would have been entitled to had the evidence been developed in the proper order; and while such evidence was not competent for any purpose when it was offered, such evidence became competent for impeachment purposes when Winkler testified, the error in its admission was rendered nonprejudicial, and the defendant was not deprived of any substantive right.

The Great Atlantic & Pacific Tea Co. v

Lowe, No. 1393, Summit County, decided by this court on May 18, 1928.

"* * * it is very generally held that the court may in its discretion permit a party to introduce evidence in chief which would have been proper in rebuttal."

**64 C.J., "Trial," §174, page 151.**

We accordingly hold that the admission of said evidence did not constitute reversible error.

We have examined the other errors of which complaint is made, and find nothing therein which, in our opinion, would warrant a reversal of the judgment.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.