## DOWD-FEDER CO, INC v TRUESDELL

Ohio Appeals, 2nd Dist, Franklin Co

No 2395. Decided May 22. 1934

John P. Ward, Columbus, for plaintiff in error.

Huggins & Liggett, Columbus, for defendant in error.

## OPINION

By BARNES, J.

In the trial before the court and jury the defendant presented no testimony except one witness, and this was expert testimony of a physician who examined the plaintiff a short time before the trial and went exclusively to the question of permanency of injuries claimed.

The petition in error sets out thirteen separate specifications of error. Some of these specifications are not referred to in the briefs, and others are grouped.

On page 2 of the reply brief of plaintiff in error the classification of claimed errors is set forth as follows:

1. The agency of the driver;
2. Damage claimed for loss of business;
3. Prejudice engendered by raising the question of liability insurance on impaneling of the jury.

We shall refer to these three specifications in reverse order, and will not refer to other specifications of error except in a general way.

Counsel for the respective parties have presented very able and helpful briefs.

We shall first consider the following claimed error:

"Prejudice engendered by raising the question of liability insurance on impaneling of the jury."

Over the objection of defendant, counsel for plaintiff below put to prospective jurors the following question, to-wit:

"I will ask you this question, Members of the Jury: Are any of you members of the jury employed by any casualty insurance company that writes automobile liability insurance?"

And then the further question:

"Are any of you owners of stock in any liability insurance company?"

Counsel for defendant below saved his exceptions to the ruling of the court permitting the above questions to be asked.

We consider this question stare decisis under the decision of the majority of the Supreme Court in the case of **Pavilonis v Valentine, 120 Oh St 154.** The Supreme Court divided four to three in making the above pronouncement.

The writer of this opinion, while not speaking for the court, joins with the Court of Appeals of Stark County in the case of Van Vorhis v Sell, decided October 18, 1933, wherein they say they prefer the reasoning of the minority in the Pavilonis case, but, of course, admit the binding force of the majority opinion.

The next ground of error, as specified in the brief, is the following:

"Damage claimed for loss of business."

We think that an analysis of the testimony relative to loss of business and the charge of the court thereon will clearly disclose that the trial court limited the testimony and charged the jury in the exact language as is now contended for by counsel for plaintiff in error. At the bottom of page 10 of brief of counsel for plaintiff in error the correct rule is stated in quotation from **LoSchiavo v Traction Company, 106 Oh St, 61:**

"The measure of damages for such loss is the compensation ordinarily paid to others for rendering like services."

We find on page 121 of the record, in the charge of the trial court, the following:

"As to the item of damages should you find in plaintiff's favor under these instructions as to loss sustained by him in his business, I say to you that, as I have said before during the progress of the case, that nothing can be allowed for prospective or possible profits that he might have realized had he not been incapacitated. He would be entitled, however, if you find in his favor on the evidence and under these instructions generally, to that compensation usually and reasonably paid to persons doing such business for another, that is a like business, like employment, insofar as the same has been shown by the evidence."

We find no error under this specification. The next specification of negligence referred to in the brief is as follows:

"The agency of the driver."

This specification properly takes a wider scope than the mere words might indicate. Immediately following the accident, people living in the neighborhood or who were in the vicinity, rushed at once to the scene of the accident, either for the purpose of rendering aid or to satisfy a desire to be in the front line when any unusual occurrence of this character presents itself.

A number of these individuals were wit-

nesses at the trial. One of these witnesses, upon his arrival at the scene immediately after the accident, inquired of Mr. Clay if he was the driver and owner of the car that struck Mr. Truesdell. Clay's answer was that he was the driver, but that the car belonged to The Dowd-Feder Company and that he was a salesman.

The trial court admitted this evidence on the theory that it so closely followed the accident as to be part of the res gestae. Counsel for the defendant below insists that this statement of the driver was inadmissible, even though it might otherwise be a part of the res gestae, for the reason that agency can not be shown through the declaration of the claimed agent. We are not able to say that this question is free from doubt, but even if erroneously admitted, we do not think that it was prejudicial for the reason that every statement claimed to have been made by Clay was abundantly proven by other unquestioned competent testimony.

The plaintiff, Truesdell, knew Clay and, unaided by his statement that he was the driver of the car, knew that to be the fact. In any event this part of his statement would unquestionably be admissible as part of the res gestae. Other witnesses at the scene of the accident also knew him.

That the defendant company owned the Chrysler car driven by Clay was conclusively shown by proper testimony as to whom the license plates on the car were issued and the removal of the car a very short time afterwards down the alley in the direction of the company's place of business, and the testimony of police officers' seeing the car in the garage, to which it had been moved later the same evening. There was also evidence that the driver, Clay, shortly after the accident left the scene in another car going down the alley towards the garage of the defendant company.

There was also presented evidence of the proprietor of a filling station that he was at the Dowd-Feder Company's place of business almost daily and that Clay was a salesman. Other testimony and circumstances clearly established that Clay was a salesman for the defendant company.

The jury could not have found differently on these questions, irrespective of the statement of Clay, particularly in view of the fact that the defendant presented no witnesses controverting this testimony.

There still remains for determination whether or not there is proof that Clay, at the time of the accident, was engaged in his employer's business. The record discloses that there is no direct testimony whatever upon the subject, and if present at all, it must arise from inference from other proven facts. This rule of law is very clearly announced by the Supreme Court in the case of **Coal Company v Rivoux, 88 Oh St, 18, Syllabus 1:**

"1. The owner of an automobile is not liable in an action for damages for injuries or of death of a third person caused by the negligence of an employee in the operation of the automobile, unless it is proven that the employee, at the time, was engaged upon his employer's business and acting within the scope of his employment."

The second syllabus reads as follows:

"2. The fact that the automobile was owned by the defendant and that the same was negligently operated by an employee does not make a prima facie case of negligence against the owner, unless it appears that the employee was driving the automobile with authority, express or implied, of the owner."

Syllabus 3 is as follows:

"3. A bookkeeper or cashier, employed in an office of a company, is not presumed from that fact alone, to have the implied authority to use or operate an automobile purchased and owned by the company for the use and purpose of a traveling salesman."

The statement in the above cited case discloses that there was no direct evidence offered, either directly or indirectly tending to prove that the bookkeeper employee had any right to drive the automobile that caused the injuries and resultant death. The cited case does not touch the real question involved in the instant case, and that is whether or not, where the employment is of such a nature that it is their duty or privilege to operate the automobile of the owner, raises an inference that such operation is within the scope of employment. The case of **Rosenberg, a minor, v Reynolds, 11 Oh Ap, 66,** is in point. The syllabus reads as follows:

"Where the evidence discloses that at the time of plaintiff's injury by an automobile it was the property of the defendant and was being operated by his chauffeur employed to operate the same, an inference arises, in the absence of evidence to the contrary, that the chauffeur was, at the time of the injury, acting within the scope of his employment and about his employer's business."

In the case of **Braun v Averdick, 113 Oh St. 613**, in the opinion of Judge Jones, he refers to the rule of presumption under certain facts. The Court of Appeals had reversed the trial court and in so doing made reference to the rule that under a certain set of facts a presumption was raised that the driver of the truck was acting within the scope of his employment. Judge Jones, in commenting on this rule, uses the following language; on page 616 of the opinion:

"Had the proof simply shown that Schroer was the regular driver of the truck, employed by the owner for that purpose, and that at the time of this accident he was driving the truck with the owner's authority, express or implied, the presumption would obtain that Schroer was acting within the scope of his employment."

In the case of **Rad v Gamble, 13 Oh Ap, 488**, at page 490, Judge Hamilton, speaking for the court, uses the following language:

"Further, if it is established by proof that the automobile at the time of the accident was in charge of a servant whose duty it was to operate the automobile, and who was regularly in the possession and use of the same, with the consent, knowledge and authority of the owner, a presumption is raised that the servant at the time was acting within the scope of his employment."

Also the same effect was **Schmidt & Schmidt, Partners, etc. v Schwab, 17 Oh Ap, 127**, where the syllabus reads as follows:

"In an action for damages for personal injuries alleged to have been caused by being struck by the automobile truck of the defendants, where the evidence establishes at the time of the accident the truck was in charge of a servant whose duty it was to operate it, and who was regularly in the possession and use of the same, with the consent, knowledge, and authority of the owner, the presumption arises that the servant, at the time, was acting within the scope of his authority."

In the case of **Holmes v Taxicab Company, 28 Oh Ap, 382, (6 Abs 678)**, we quote from the last part of the second syllabus:

"and defendant admitted that all Yellow Cabs operated in city are operated by its employees, inference arose that employee in charge thereof was acting within the scope of his employment and about employer's business."

On the question of prima facie evidence of responsibility on proof of ownership of automobile, coupled with other proof, the courts in other jurisdictions widely differ. In most of the states the mere proof of ownership is prima facie evidence of responsibility. Ohio and a number of other states hold to a different rule. The entire subject, in all its phases, is very fully annotated in Volume 42, American Law Reports, Annotated pages 898 to 922, inclusive.

The case of **Stone v Travelers' Insurance Company, (Indiana) 149 NE, 454**, is very closely allied in its facts to the instant case. The second syllabus reads as follows:

"Evidence that car collided with plaintiff's car belonged to defendant, and that driver was his salesman, and had at other times taken car out for demonstration purposes, and that he was permitted to take cars out of sales room for any purpose to defendant's advantage, held to authorize inference that driver was at time of collision acting within scope of his employment."

In 42 A.L.R., page 908, Indiana is listed among the states holding that proof of ownership does not establish prima facie case. The case cited as authority for the text is **Decker v Hall, (Indiana) 125 NE 786**. The syllabus in this case reads as follows:

"A complaint alleging that defendant allowed another to operate his automobile, brought into collision with plaintiff's car, states no cause of action, where there is no allegation that the driver was a servant or agent, or that he was on any business or errand of defendant."

The rule stated in the Indiana case last cited is the same as in Ohio. This adds weight to the above cited Indiana case, 149 NE, supra.

In the instant case we are confronted with the situation that there is no direct testimony as to the duties of Clay in his employment with the defendant company. According to the evidence, the business of the defendant company was selling used cars. The employee Clay was a salesman. We think it is a matter of common knowledge that salesmen drive and demonstrate the cars that they have for sale. They sometimes go out to see their prospective purchaser, and at other times, when the purchaser comes to their place of business, give the prospect a demonstration by driving the car. They also drive the car alone

for the sole purpose of tuning up and knowing that they are operating properly before they show them to their prospects.

It is our conclusion that when the evidence shows that the employee Clay was a salesman, that this carries with it the presumptive authority to drive the car, and, in the absence of any evidence to the contrary, the inference would arise that he was driving it in the scope of his employer's business. The very nature of this business would render it impossible for the plaintiff to present evidence as to just what business the driver Clay was upon immediately preceding the accident. This is a matter peculiarly within the knowledge of the defendant company or their employees, and in the absence of the introduction of any evidence by them, the inference is sufficient to sustain the verdict.

Counsel for the defendant company cite the case of **Sobolovitz v The Lubric Oil Company, 107 Oh St, 204.** This case holds a front line position in the number of times cited and referred to. The second syllabus reads:

"2. An inference of fact can not be predicated upon another inference, but must be predicated upon a fact supported by evidence."

In the cited case there was evidence that the truck involved in the accident had printed on the side, in large letters, "Lubric Oil." The accident occurred on a Sunday. There was no evidence as to who was driving the truck. The court held that the printed name on the truck might raise the inference that The Lubric Oil Company was the owner of the truck, but from this testimony alone it would not be permitted to allow a further inference that the employe of the Oil Company was the driver and that he was operating on company business. In the instant case we do not have an inference upon an inference, and hence we do not think that the case applies.

Many other cases are cited in briefs of counsel and we have examined all. Many contain well recognized and established principles which are not necessary to comment on. Many, as we view them, lend little or no aid to the determination of the vital questions.

We have also examined the record for all other errors set out in the petition in error. We find no reversible error, and therefore the judgment of the court below

will be affirmed at costs of plaintiff in error. Exceptions will be allowed to plaintiff in error.

HORNBECK, PJ, concurs.