**HOUSE v STARK IRON & METAL COMPANY**

Ohio Appeals, 2nd Dist, Franklin Co

No 3280. Decided Dec 2, 1940

Williams, Williams, Klapp & Reynolds, Columbus, for plaintiff-appellant.

Wiles & Doucher, Columbus, for defendant-appellee.

**OPINION**

By GEIGER, J.

A large part of the following opinion was writter by Barnes, J., with whom the other two members of the Court dissent. He has presented the matter so well and has cited and analyzed so many pertinent cases that the majority now desires to use the major portion of his opinion, deleting only those portions expressive of an opinion with which the present majority do not find themselves in accord with him. The point of deletion will be indicated by asterisks. Barnes, J., will in all probability prepare a dissenting opinion in which he will set out his views and state why he is unable to concur with the present majority.

BARNES, J., in the original opinion states, except certain deleted matters, as indicated:

"The above entitled cause is now being determined as an error proceeding by reason of plaintiff's appeal from the finding and judgment of the Court of Common Pleas of Franklin County, Ohio.

"Plaintiff's action originated in the Municipal Court of Columbus, Franklin County, Ohio.

"Through his petition plaintiff sought to recover damages in the sum of $150 for injuries to his Plymouth coach, brought about by the allegedly negligent act of the defendant company in driving through a red light at a street intersection and striking plaintiff's car as he was lawfully proceeding through on the green light.

"Defendant's answer admitted that it was a corporation organized and existing under and by virtue of the laws of the State of Ohio; that the intersecting streets mentioned in plaintiff's petition were duly designated highways, located and running in the general direction as alleged in the petition, and that said streets intersected. Defendant then denied each and every other allegation in the petition contained.

"In the Municipal Court apparently a jury was waived and the cause submitted to the trial court, resulting in a finding and judgment for the plaintiff in the sum of $100.00 and costs.

"Upon appeal to the Common Pleas Court of Franklin County, the judgment was reversed and final judgment entered in favor of the defendant.

"Our Court is called upon to determine the question of the correctness of the judgment of the Common Pleas Court.

"In the Municipal Court the defendant offered no testimony. At the close of plaintiff's testimony, defendant interposed motion for a directed verdict, making the claim that plaintiff had failed to present any evidence upon a material allegation of the petition.

"Plaintiff in his assignments of error sets out four separately numbered and stated specifications of error. These specifications may very properly be grouped in the single claim that the Common Pleas Court was in error in reversing the judgment of the Municipal Court and entering final judgment for the defendant.

"It was the finding of the Common Pleas Court that the plaintiff had failed to present evidence showing the relation of master and servant between the defendant and the driver of defendant's truck, or that the driver of the truck, if an employe, was at the time engaged upon his employer's business or acting within the scope of his employment.

"The defendant, according to the allegations of the petition and the admissions of the answer, is a corporation, with its principal place of business in Canton, Ohio.

"The evidence as presented through the bill of exceptions is very brief. The record amply supports the finding and judgment of the Municipal Court on all questions save and except the question of agency of the driver of defendant's truck. Plaintiff recognizes that the burden of proof was upon him to prove by a preponderance of the evidence that the driver of defendant's truck was defendant's employe, and at the time of the accident was engaged upon his employer's business and acting within the scope of his employment. The technique employed in presenting evidence on this feature of the case was somewhat unusual. The first witness called was Mr. Hugh A. Sherer, Corporation Examiner in the office of the Secretary of State, who presented evidence that he was in charge of the Articles of Incorporation of Ohio corporations; that the principal office of the defendant company was located in Canton, Stark County, Ohio; and that the purpose clause as disclosed from the Articles of Incorporation was 'the purpose or purposes for which it is formed are for the buying and selling of all kinds of used or new iron, steel, scrap metals, rubber, paper, copper, pig lead, tin and all other types of metal and scrap whatsoever; the buying, selling or leasing of real estate and equipment that may be necessary in all types of business usually incident to the above'. Further, that the company was incorporated April 6, 1939, and that there had been no amendments, alterations or modifications to their articles.

"The next witness was P. L. Smith, Assistant Chief of the Bureau of Motor Vehicles, who, in substance, testified that he had the record showing the issuance of a license, No. 9-C413, to the Stark Iron & Metal Company of 801 Rex Avenue, S. E., Canton, Ohio, for a Diamond T 1939 truck; also chauffeur's license No. 82310, issued to Lewis Williams for the year 1939, which was in effect from October 1, 1938, to September 1, 1939.

"The next witness was Marcus Cronin, clerk with the Motor Transportation Commission, who testified that there had never been any permit, certificate or license of any kind issued to the Stark Iron & Metal Company to haul for hire or otherwise contract for anybody else.

"The next witness called by plaintiff was Mr. W. W. Schryver, Claim Agent of the Hartford Accident & Indemnity Company. The testimony of this witness was objected to by defendant in most all instances. Some objections were sustained, others were overruled. During the course of the interrogation of this witness counsel for plaintiff indicated that the testimony was competent to prove ownership of the truck in question. Thereupon counsel for defendant made the statement that they would admit ownership of the truck. This admission, of course, removed this question as an issue and no further testimony thereupon would be necessary. This witness was permitted to testify that he, as representative of the Insurance Company issuing the policy giving coverage on defendant's truck, employed Mr. Wiles to conduct the defense. The interrogation of this witness also brought out that the policy of insurance did not provide coverage for any one other than the Stark Iron & Metal Company.

"The testimony of these witnesses was connected up by plaintiff's testimony to the extent of showing that the truck involved in the accident was adequately identified as the Diamond T truck upon which License No. 9-C413 had been issued, and that such truck was the property of the defendant company. Also, that the name of the driver of the truck was Lewis Williams, that being the same name as the person to whom chauffeur's license was issued while living at 1388 Scoville, S. W., Canton, Ohio. There was also testimony that the truck at the time of the accident was loaded with scrap iron."

**348**

(* * * Deletion of part of opinion by Barnes, J.)

"The law of Ohio is well defined that declarations of the █ claimed agent may not be received in evidence for the purpose of proving agency. Vol. 1, O. Jur. (Agency), §13.

"Aside from the declaration of the driver Williams, improperly received, the record presents no direct evidence that the driver Williams was in the employ of the defendant company at the time of the accident, or, if employed, that he was engaged upon his employer's business or acting within the scope of his employment. This is an element essential to be proven, as is stated in the case of **The White Oak Coal Company v Rivouz, Admrx., 88 Oh St 18,** Syllabus 1.

1. " 'The owner of an automobile is not liable in an action for damages for injuries to or death of a third person caused by the negligence of an employe in the operation of an automobile, unless it is proven that the employe, at the time, was engaged upon his employer's business and acting within the scope of his employment.'

"This brings us directly to the question as to whether or not the facts in evidence supply this element by presumption or inference.

"In some jurisdictions a rule of law is established that the proving of ownership of the motor vehicle involved in the accident will make a prima facie case supporting the essential element that the driver, if not the owner, was the representative or agent of the owner and engaged in the █ owner's business. This is not the rule in Ohio. **The White Oak Coal Company v Rivoux, Admrx., 88 Oh St 18,** Syllabus 2.

2. " 'The fact that the automobile was owned by the defendant and that the same was negligently operated by an employe do not make a prima facie case of negligence against the owner, unless it appears that the employe was driving the automobile with authority, express or implied, of the owner.'

"On pages 30 and 31, Judge Newman, in delivering the opinion, refers to the rule in some jurisdictions and then points out that the Supreme Court of Ohio is not in accord with the prima facie rule arising from a mere showing that the defendant was the owner of the negligently operated automobile.

"In the oral argument before our court, attention was called to the fact that the evidence disclosed that the truck in question at the time of the accident was loaded with scrap iron, and it was suggested that this was an added circumstance which would warrant the inference that the driver was an employe and engaged upon his employer's business and acting within the scope of his employment."

( * * * Deletion.)

"The case of **Sobolovitz v The Lubric Oil Company, 107 Oh St 204,** has many points of similarity to the instant case. In the reported case the plaintiff sought to recover damages sustained by having his left foot crushed by an automobile truck, claimed to be owned by The Lubric Oil Company, and being operated in a negligent manner by an employe of the defendant. In the reported case there was no testimony as to the identity of the driver. There was testimony that the truck had on its sides the legend "Lubric Oil", and from this the court decided that the inference could properly arise that the defendant company was the owner of the truck. The vice president of the company was called for cross-examination and testified that at the time of the accident the defendant owned and drove oil trucks which bore the name "The Lubric Oil Company"; that when the trucks were not in use they were kept upon the company's premises and so far as he knew the drivers of the trucks were not permitted to drive the trucks home with them but that on some Sundays (this accident happened on Sun-

day) some of the trucks were operated in furtherance of the business of the company. It was determined by the Supreme Court in this case that the evidence would warrant the inference as to ownership, but that an inference upon that inference would not be permitted so as to raise the presumption that an agent of the company was operating the truck at the time of the accident and in the furtherance of defendant's business."

( * * * Deletion.)

"We have heretofore called attention to the Ohio rule which very clearly states that no inference arises from the mere fact of ownership. The White Oak Coal Co. v Rivoux, Admrx., 2nd syllabus, supra.

"Counsel for plaintiff urge very strongly that the case of **Dowd-Feder Co., Inc. v Truesdell, 17 Abs 647**, decided May 22, 1934, by our Court, is supporting of plaintiff's right to recover."

( * * * Deletion.)

"Our opinion was affirmed by the Supreme Court in **130 Oh St 530**, but nothing is said in the syllabus on the question of agency and only on page 536 of the opinion is any reference made thereto.

"We are also referred to the case of **Hosian, an infant, appellant v The Crucible Steel Castings Company, appellee, 132 Oh St 453**. In syllabus 1 the court distinguishes the case being decided from that of The White Oak Coal Company v Rivoux, supra, and Sobolovitz v The Lubric Oil Company, supra."

( * * * Deletion.)

"A case having some force by analogy is that of the **Lima Railroad Company v Little, 67 Oh St 91**.

"The case of **Walton v Ensign, 6 C. C. (N. S.) 300**, decided by the Circuit Court of Lorain County in 1905, is by analogy supporting of plaintiff's contention."

( * * * Deletion.)

"We have been favored with the very able opinion of Judge Leach."

( * * * Deletion.)

GEIGER, J. (from this point forward.)

The testimony of the witnesses discloses that the defendant was a corporation whose home office was in the city of Canton, Ohio, and its business was, briefly, the dealing in and collection of scrap iron. On the day in question a truck driven by one Williams, a licensed chauffeur living in Canton, over the streets in Columbus collided with the plaintiff's car in an intersection accident. The defendant admitted the ownership of the truck. Williams, the chauffeur, stated, within a short time after the collision, that he was driving for the defendant but this evidence was rejected for the reason that agency may not be established by the statement of the alleged agent and that the conversation between the driver of the truck and the owner of the car was not so coincidental with the accident as to be properly a part of the res gestae.

Testimony also appears to the effect that the truck was heavily loaded at the time of the accident with scrap iron. The trial court awarded damages to the plaintiff, but the judgment was reversed by the Court of Common Pleas, on the ground that there was no evidence establishing the agency of the driver nor that he was acting within the scope of his employment and this view is adopted by Barnes, J.

Certain cases are cited, upon which the minority judge bases his judgment. The majority will point out what they consider the proper interpretation of these cases. We will emphasize matters which, in our judgment, should be specially noticed.

In the case of **White Oak Coal Company v Rivoux, Admrx., 88 Oh St 18**, it it held in syllabus 1 that the owner is not liable for a death caused by the negligence of an employe "unless it is **proven that the employe, at. the time,**

was engaged upon his employer's business and acting within the scope of his employment."

In syllabus 2 it is held: the facts that the automobile was owned by the defendant and negligently operated by an employe do not make a prima facie case of negligence against the owner "unless it appears that the employe was driving the automobile with authority, express or implied, of the owner." The case is interesting and has been read with caution and we readily agree with the proposition stated in the first and second syllabi, but the question still remains as to whether, in the case at bar, it appears that the employe was driving the automobile with the authority, express or implied, of the owner. If he was so driving the automobile, or if such can be properly inferred from the circumstances disclosed from the evidence, the authority of the case fails.

In **Sobolovitz v Lubric Oil Company, 107 Oh St 204**, it is held that to entitle the plaintiff to recover it is necessary that he produce some evidence upon every element essential to create liability "or produce evidence of a fact upon which a reasonable inference may be predicated to support such element." Syllabus 2 holds:

"An inference of fact can not be predicated upon another inference, but must be predicated upon a fact supported by evidence."

Syllabus 3 is to the effect that where the plaintiff fails to produce any evidence upon an essential element "and no reasonable inference can be drawn from a fact supported by evidence which would tend to prove such element, it is error for the court to submit the case to a jury."

This is an interesting and pertinent case. In the opinion by Robinson, J., it is stated the plaintiff gave no testimony tending to establish the ownership of the truck or tending in any degree to prove either the ownership of the truck or that it was being operated in behalf of the defendant. On page 208 it is stated, in substance, that an inference presupposes a premise from which it is deduced, and as applied to evidence, the premise is some proven fact. The inference arises out of a process of reasoning or from common experience that when certain facts exist certain other facts usually coordinate therewith, but, the judge states, we find no authority for basing an inference upon an inference "and it therefore does not follow that because one essential element of a right to recover may be inferred from proof that all other necessary elements to recover may be inferred therefrom."

The jury was justified in inferring ownership from the mark on the truck, but upon that inference it could not base an inference that the truck was being operated by a servant of the defendant or that it was being operated in furtherance of the business of the defendant.

It is stated that the majority of the court adhers to the rule that before the defendant is put upon his defense, the plaintiff must produce some proof of every fact necessary to create a liability or some proof of fact from which a reasonable inference may be deduced which tends to create a liability, and that an inference can not be predicated upon an inference. It will be noted that only four judges concurred in the Lubric Oil case.

It will be observed that this case largely revolves around the doctrine that an inference may not be based upon an inference. We do not have the procedure in the instant case of arriving at a conclusion that the truck belonged to the defendant through any inference from proven facts. Counsel for defendant admitted in open court that the truck belonged to the defendant so that we proceed to draw any proper inferences from the admitted fact of the ownership of the truck, plus the other circumstances that we have recited. We have found no case in which courts have held that two or more different inferences may not be drawn from the same proven facts.

The only inhibition is that one inference may not be based upon another inference. This is sound law and its logic may be readily appreciated. However, we still have before us whether, from the proven and admitted facts, two separate inferences may be drawn, first, that the driver of the truck was an employe of the defendant and, second, that he was operating the truck within the scope of his employment. We will deal with this matter more at large later.

**Dowd-Feder Company v Truesdell, 17 Abs 647,** opinion by Barnes, J., holds, as disclosed by the syllabus written by the editors of the publication but not approved by the judge writing the opinion,

"3. A statement made in response to a question immediately after an automobile collision, by one involved therein, that he was the driver of the car which struck the plaintiff, is admissible in evidence as part of the res gestae."

We admit that in the case at bar the question whether the declaration of the driver, in a conversation with the owner of the car that was damaged, almost immediately after the collision, that he is the agent of the .defendant is a part of the res gestate, is debatable, but we do not now feel that it is necessary to decide this question.

Syllabus 4 is to the effect that although agency can not be shown through the declaration of a claimed agent, the admission of the statement by the driver that the car belonged to the defendant is not prejudicial where 'abundantly proved by other unquestioned competent testimony.

Syllabus 5 is to the effect that in an action for damages alleged to have been caused by being struck by an automobile of the defendant, a used car company, where the evidence shows that the driver was an automobile salesman in the employ of the defendant, such driver is presumed to have authority to drive the car and in the absence of evidence to the contrary, **"an inference**

arises that he was driving it within the scope of his employer's business."

Syllabus 6 is to the effect that in the absence of the introduction of any evidence by the defendant as to the nature of the business their salesman was engaged in at the time of the accident, while driving the defendant's car, which is a matter peculiarly within the knowledge of the defendant, the inference that the salesman was driving the car within the scope of his employer's business is sufficient to sustain a verdict.

In the case of **Hozian v Casting Company, 132 Oh St 453,** opinion by Zimmerman, J., it is held that in an action wherein defendant's liability depends upon proof of a master-servant relation, such relation is prima facie established by showing the alleged servant was performing services peculiar to the defendant's business on or about the defendant's property, and acts done in the rendition of such service may be found to be within the scope of employment, distinguishing the Coal Company and the Lubric Oil Company cases.

This is a case in which the accident occurred upon the premises of the defendant where the plaintiff, the employe of an independent contractor testified that he observed an individual directing the work and described him by the apparel he wore and his actions in "walking around and bossing the other fellows what to do". Plaintiff was then asked to relate what was said in his presence by the alleged foreman to the defendant's foreman, which questions were objected to on the ground that the alleged foreman had not been sufficiently identified as a person of authority in defendant's employ and if he did possess some authority its nature and extent had not been shown. The objection to this testimony was sustained on the ground that the foreman had not been sufficiently identified. Zimmerman, J., states, in substance, that the excluded testimony was competent on the vitally important issues and the court thereupon examines and favorably comments upon a large number of cases, one to the effect, that

where a thing is being done upon the premises of an individual in the ordinary course of business, it would fairly be presumed that the thing was being done by a person in the employ of the principal for whose benefit the thing was being done. The judge thereupon states, substantially what is set out in the first paragraph of the syllabus citing a large number of cases, and comments on page 458 on the case of Robinson v Doe, 224 Mass. 319, where the plaintiff was struck by a stone thrown by an apparent employe of defendant while driving away a crowd of boys, who had gathered about a circus tent. The Supreme Judicial Court of Massachusetts held in its opinion to the effect that where a person appears to be in charge and control of a portion of a circus tent and the contiguous grounds, and is openly engaged with others in taking down the tent, a jury could reasonably infer from the circumstances related that the person was in the employ of the defendant and with their assent and authority was in control of their property, and Zimmerman, J., makes application of this principle.

It seems to us that if the owner of a circus tent, which is migratory, can be held on the inference that one who is in charge of the property at and near the tent is an employe, operating within the scope of his employment, that it is not unreasonable to hold that where one is found in charge of a truck loaded with scrap iron, that such person is an employe of the defendant acting within the scope of his authority.

The court then distinguishes the two cases of **Lubric Oil Co., 107 Oh St 204**, and the **Coal Company case, 88 Oh St 18**, and calls attention to the case of **Lashure v Gas Company, 119 Oh St 9**, as being more favorable to defendant's position. In that case it was held that there being **an entire lack of proof** that the workman was an employe of the company, or acting within its authority or in the pursuance of its business, the relation of

master and servant essential to render the defendant liable is not shown.

Zimmerman, J., further states that the case then under examination may be differentiated from those cases involving injury by ordinary motor vehicles operated upon public thoroughfares where the most plaintiff shows is the general relationship of employer and employe between the defendant owner of the vehicle and the offending driver **"and the purpose for which the vehicle is being used at the time of the injury is left entirely to conjecture."** Citing the White Coal case.

We are of the opinion that this statement of the court is not pertinent to the case at bar for, at the time of the injury, the purpose for which the vehicle was being used was not left to conjecture, but was demonstrated beyond question by the load of scrap iron which it was transporting and which was entirely within the purpose for which the defendant was organized.

**Lima R. R. Company v Little, 67 Oh St 91.** This was an action against the Street Railway Company to recover damages for personal injuries on account of the negligent conduct of a servant of the company. It was there held that the master is not liable for the negligent act of the servant, if at the time of the doing of the act the servant is not then engaged in the services or duties of his employment, although the act be one which, if done by such servant while on duty when engaged in his master's service, would be within the scope of the ordinary duties of such servant. We think this case presents principles which may be easily applied to the case at bar to the end that the matter should properly be determined by a jury.

**Rosenberg v Reynolds, 11 Oh Ap 66,** is to the effect that where the evidence discloses that at the time of the injury the automobile was the property of the defendant and was being operated by his chauffeur, an inference arises, in the absence of evidence to the contrary, that the chauffeur was at the time of the injury acting within the scope of his employment and about

his master's business. This case reviews at length many cases touching the evidence necessary to prove the agency and the fact that the agent may have been operating within the scope of his employment. The case is of value but does not definitely involve the question that is now under consideration.

See also **Rad, Jr. v Gamble, 13 Oh Ap 488,** and the cases there cited and commented upon.

Applying the principles disclosed in the cases above discussed, both by the minority and the majority, to the facts proven or admitted, we ▬▬▬ ▬ discover that the defendant was engaged in a business which properly included the hauling of scrap iron without any limitation of territory in which such material might be gathered; that upon the streets of Columbus a truck admitted to be owned by the defendant was being driven by a chauffeur, who lived in Canton, the place of business of the defendant, and that at the time of operation the truck was heavily loaded with scrap iron. The situation differs radically from those cases where the vehicle being operated is the ordinary automobile, which may be in the possession of the driver under varying circumstances, none of which would constitute or tend to constitute him the agent of the owner. We have many cases where an automobile is operated without the owner's consent, where the driver is out on a joy ride. We have cases where the driver is employed by the owner of the automobile, but his occupation does not include the operation of the automobile. We have cases where the automobile owned by the defendant is operated by the defendant's authorized agent, but at the time of the accident is being used not for the principal's business, but for some purpose in which the driver alone is interested. We have cases where the automobile is to be operated over a given route by the agent of the defendant, but where there is a digression from the route mapped out and during which the accident occurs. None of these sit-

uations is applicable to the case at bar. Here was an 8000 pound truck loaded with scrap iron which truck was owned by the defendant. 'It was operated by seome one in charge. There is no probability that that driver was then on a joy ride; that he had digressed from the course; that he had stolen the automobile or any other circumstance that appears in the reported cases as relieving the defendant. The truck of the defendant, loaded with material in which he was dealing, was in charge of an individual who was operating it within territory that might properly be covered by the defendant's business. We are of the opinion that the jury was justified in inferring that the person driving the truck was the agent of the defendant operating within the scope of his employment. We are conscious of the fact that this may be a borderline case, but are also of the view that our conclusions are amply supported by the authorities and that if there is any confusion arising from the various decisions the case should receive the attention of the Supreme Court, not because of the importance of this particular case but because the situation involved, frequently arises in the operation of vehicles engaged in heavy hauling upon the highways, as distinguished from traffic by the ordinary passenger automobile.

The majority of this court is of the view that the Court of Common Pleas erred in reversing the judgment of the Municipal Court.

·Judgment of the Court of Common Pleas reversed and that of the Municipal Court affirmed. Cause remanded.

HORNBECK, PJ., concurs.
BARNES, J., dissents.

By HORNBECK, PJ.

Inferences are indulged from certain facts because they are consonant with the probabilities arising from the admitted or proven facts. They are permissive only, not conclusive, nor without exception.

In this case the business of the defendant company, the admitted owner of the truck, among other things contemplated the transportation of scrap iron. It appears that the truck of defendant company, being transported over the streets of Columbus, was loaded with scrap iron. Is it not, therefore, quite probable that the truck was being operated in the business of the owner thereof? If it were being operated in the business of the owner, it is not proper to indulge the inference that the person driving it was about his master's business and, therefore, his agent? Of course, the defendant might possibly explain that the truck had been stolen; that the person driving it was not in its employ; that the iron with which the truck was loaded was not the property of the defendant company and was not being transported for it. But all of these explanations would be unusual and not in keeping with the common experience in like situations, nor is it probable that an employe of defendant company would be digressing from his regular route of travel with a truck fully loaded with scrap iron.

In the facts appearing in this case, it seems but logical and reasonable that an inference be indulged in favor of the plaintiff and that the obligation of explaining that the true situation is not in line with the probabilities, should rest upon the defendant company which was in obviously better position to produce the evidence, which, if true, would disclose that the truck was not being operated in its business nor by any one for it within the scope of his authority.

By BARNES, J., dissenting:

The very lengthy opinion of the majority succeeds in making a very plausible argument as to what the law ought to be, but in my opinion falls short of overcoming the pronouncement of the Supreme Court of Ohio as to what the law is. Under the facts in the instant case the principle announced in the case of **Sobolovitz v The Lubric Oil Company, 107 Oh St 204,** is controlling. In the majority opinion it is sought to distinguish the Lubric Oil Company case, supra, on the factual question that in the instant case the truck involved was loaded with scrap iron, and since it was the defendant company's business to handle scrap iron, that an inference might properly arise that the truck was being driven by an employee and that such employee at the time was operating the truck in the course of his master's business.

This argument is completely answered in the Lubric Oil Company case, supra. In the latter case the claim was made that the circumstances would warrant the inference that the truck was delivering company's products at the time of the accident. The vice president of the defendant company gave testimony that at the time of the accident the defendant owned a number of oil trucks which bore the name "The Lubric Oil Company"; that when the trucks were not in use they were kept upon the company's premises, and that so far as he knew the drivers of the trucks were not permitted to drive the trucks home with them; and that on some Sundays some of the trucks were operated in furtherance of the business of the company and on some Sundays none were so operated. (The accident occurred on a Sunday.) The oil truck had painted on its side the name "Lubric Oil" and the Supreme Court determined that this legend would warrant the inference that the defendant company was the owner of such truck. Just as in the case at bar there was no evidence that the driver of the oil truck was an employee of the defendant company. In each instance it sought to raise the inference that the truck was being operated by a servant of the company on company business. In the Lubric Oil Company case the Supreme Court makes the statement that while the legend on the side of the truck might raise the inference of ownership, yet it would be improper to indulge the further inference on the inference of ownership, that the truck was being operated by company servants in the interest of company business.

The Supreme Court might just as readily have said that proof of ownership, whether through inference or by direct testimony, would not give rise to any inference that the motor vehicle was being operated by an employe acting upon his employer's business and was within the scope of his employment. The Supreme Court has very positively and directly so held in the case of the **White Oak Coal Company v Rivoux, Admr., 88 Oh St 18.**

If mere proof of ownership is not sufficient to raise any inference, it becomes unimportant as to how the ownership is shown. In the case at bar counsel for the defendant during the progress of the trial admitted ownership and thus removed this as an issuable question. However, it still remains the duty of the plaintiff to prove that the motor vehicle was being operated by a servant of the defendant company, and that such servant was at the time engaged upon his employer's business and acting within the scope of his employment. The fact that the truck was loaded with scrap iron which was a product generally handled by the defendant company is not an adequate circumstance to change this principle of law.

The case of **Hozian, an infant, etc. v Casting Co., 132 Oh St 453,** is not in point, and the court in the first syllabus as well as in the opinion very closely distinguishes the holding in that case from the principles announced in the White Oak Coal Company case, 88 Oh St, supra, and the Lubric Oil Company case, 107 Oh St, supra. When the Supreme Court says it distinguishes the case being considered from earlier reported cases, it never means that the cases referred to are in any sense modified. It means nothing more than that the case being considered has distinguishing facts.

The case of **Rosenberg v Reynolds, 11 Oh Ap 66,** referred to in the majority opinion can not be given application in the instant case because of the divergence on a very material factual question. In the reported case the Court of Appeals says that "where the evidence discloses that at the time of the injury the automobile was the property of defendant and **was being operated by his chauffeur,** an inference arises", etc. In the instant case there is a failure to present competent evidence that the driver of the defendant's truck was an employe, and engaged in his master's business.

In my judgment the Common Pleas Court was right when he determined that the record failed to present any evidence from which it might be determined that the defendant company at the time of the accident was operating its truck through a duly authorized agent.

It is my conclusion that the finding and judgment of the Common Pleas Court should be affirmed.

---

## MOTION TO CERTIFY CASE

No 3280. Decided Jan 9, 194.

BY THE COURT:

This matter is again before this Court upon a motion of appellee to certify the case to the Supreme Court on the ground of conflict.

This Court has had occasion to examine the constitutional provisions, that must be met before a Court of Appeals is authorized to certify a case to the Supreme Court on the ground that they have found "that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other Court of Appeals of the state."

This case has received the careful attention of this Court. The two concurring judges have each rendered an opinion on which the facts are stated and the ground of the conclusion arrived at. The dissenting judge has likewise stated clearly the ground for his dissent. We, therefore, feel that it is not incumbent upon us to again recite the facts or to restate the principles upon which the case was decided. They appear clearly in the opinion.

Counsel for appellee has thus stated the matter:

"The legal principle upon which this court has announced (its opinion) may be thus stated: that the proof of ownership of a truck plus the fact that the truck was at the time loaded with a commodity incidental to the defendant's business is all that is necessary to make a prima facie case against the defendant on the question of agency."

We think that this is not a complete statement of the proposition upon which the Court rendered its judgment. The reasons are given at large, both by the prevailing members of the Court and discussed by the dissenting member, and it would be idle to again restate them.

The question now before the Court is whether this Court can now find "that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the **same question** by any other Court of Appeals in the state".

Counsel has cited a number of cases which they claim gives rise to the conflict. We have carefully examined all of these and find that a number are not only upon the same question, but in as far as they do involve the same question, are in support of, rather than in conflict with, the decision of this Court.

**Zarn, Admr. v Dominique, 69 Oh Ap 442.** It is there held that the master is liable for the servant's act only if the act was done in the service of and while the servant was acting for the master in the master's business, and that the employer was not liable for an accident occurring while the employee was proceeding to the place of employment, but before he had arrived at such point. This, of course, is a correct decision, but so far as we can detect has no similarity to the case at bar.

**Self Advertising Company v Gitter, 16 Abs 696,** so far as it relates to agency, holds that the inference that the driver involved in an accident for which the owner is sued was in the prosecution of the business of the defendant who admitted that he owned the truck; that it was regularly used in the prosecution of the business; that the driver was a regular employee and was in that employment on the day of the accident, and other facts stated in syllabus 3, is so strong and compelling as to make it necessary for the defendant to have the driver testify that he was not at that time in prosecution of the defendant's business. The facts establishing the agency in this case are stronger than in the case at bar, but there is no conflict because the same questions are not involved and the opinion supports rather than conflicts with that in the instant case.

**Lytle v Union Gas & Electric Company, 24 Oh Ap 314.** There is no similarity in the questions decided by the court with those involved in this case. The Court there correctly holds:

"To render the master liable for negligence of a servant, servant must, at the time of negligence complained of, be in the service of and attending master's business and acting within the scope of his authority."

That is a correct statement of the law, but does not involve the question here at issue as to inference that may be properly drawn from proved facts.

**Smith v Lightfritz, 22 Abs 181,** involved an accident to a guest riding in an automobile where the driver was negligent, and the court there holds that in an action against the owner for injuries resulting from negligence of his driver, established facts that the truck belonged to the owner; that at the time of the accident it was in the custody of his driver and was loaded with freight being transported in furtherance of the owner's contract, raises an inference or presumption that such driver was using the truck in the course of employment by his owner and "in the absence of evidence to the contrary the refusal to direct a verdict for the defendant is not error." It is conceded that the established facts in

that case are stronger in favor of the plaintiff than they are in the case at bar, inasmuch as they proved that at the time of the accident the truck was in custody of his driver, which is the important question here, this Court holding that from the facts proved such an inference could be drawn.

**Schmidt v Schwab, 17 Oh Ap 127.** It is there held that in an action for damages alleged to be caused by being struck by the automobile truck of defendants where the evidence establishes that at the time of the accident the truck was in charge of a servant whose duty it was to operate and who was regularly in the possession and use of the same with the consent of the owner, the presumption arises that the servant at the time was acting within the scope of his authority. This again is a stronger case as to the facts proven than the case at bar, but in so far as the question is involved it is not in conflict with but in support of the position of this Court.

**Fash v Yellow Cab Co., 36 Oh Ap 217.** It is there held that where a chauffeur is engaged in the operation of his employer's car, which the chauffeur was employed to operate, a presumption arises, in the absence of evidence to the contrary that the chauffeur was at the time acting within the scope of his authority and was engaged in his employer's business. That again presents a stronger case of evidence than the case at bar for the reason that it appears that the chauffeur engaged in the operation of the car was employed to so operate it. But there is no conflict.

Counsel seems to rely upon the authority of those cases which hold that an inference may not be based upon an inference. This Court has not held that such can be done, but does advance the position that from the facts proven, two different and necessary inferences, not in conflict, may be drawn from the facts proven.

The one case that seems to have some basis for counsel's claim that there is conflict is the case of,

**Rasp v Ohio Stutz Company, 7** Abs **151.** The Court states that the evidence in the case tending to show any business connection between the parties was limited to the testimony of one witness, the vice president of the defendant, who denied any connection whatever with the driver of the company's machine. Middleton, PJ., delivering the opinion of the Court states that the most that may be claimed from the testimony and the fact that at the time of the collision Black was driving a machine of the defendant, is that by inference the jury might have found that Black was an agent or employee of the company, "but to entitle the plaintiff to a recovery it must further appear that Black at the time was engaged in his employer's business within the scope of his employment and driving his employer's machine with its authority, express or implied." Citing the Rivoux case, and stating in addition,

"These additional facts necessary to be established may only be inferred from the fact the Black was the agent or employee of the company. This can not be done for the reason that one inference may not be predicated on another inference."

As we have frequently stated, the necessary facts establishing the liability of the defendant are not established by basing one inference upon another, which is forbidden, but that all inferences necessary to establish the liability may be drawn from the facts proved.

The trial of the case is not limited to a single inference. There may be many such, but each inference must be based upon appropriate facts proved and may not be based upon another inference.

The judgment in the instant case is not in conflict with the judgment in any of the cases cited. We hope the matter may reach the Supreme Court in spite of our refusal to certify a conflict.

Application to certify the case on the ground of conflict denied.

Entry may be prepared accordingly.

HORNBECK, PJ. & GEIGER, J., concur.
BARNES, J., dissents.

## APPLICATION FOR REHEARING

No 3280. Decided Dec 28, 1940

BY THE COURT:

This matter is before the Court upon application of the defendant-appellee for a rehearing, a divided Court having rendered an opinion on December 2, 1940.

The appellee sets out at length his argument in support of a rehearing. Counsel for appellant files a memorandum to the effect that they have nothing to present. The application for rehearing leads us to carefully re-examine the opinion heretofore rendered. It seems to us that counsel for appellee presents no new matter, not already covered by the opinion.

We have a letter from counsel under date of December 17th calling our attention to the case of **Hoppe v Industrial Commission**, reported in the **Bar Association Report of December 16, 1940, 137 Oh St 367.** So far as that case is authority in the present case, it simply reiterates the proposition established in **Sobolovitz v Lubric Oil Company, 107 Oh St 204,** to the effect that an inference of fact may not be predicated upon another inference, but must be based upon a fact supported by evidence. This principle we recognized in our original opinion.

This case was tried originally in the Municipal Court. The defendant introduced no evidence. A statement by Louis Williams to the effect that he was employed by the defendant, was excluded under the rule that the declaration of an agent may not be received for the purpose of proving agency. The case has been argued and reargued upon the proposition that there was no adequate proof of agency. Had the defendant at the time of the trial introduced evidence disclaiming the agency or authority of Williams, the finespun arguments now indulged in might have been avoided.

The case was covered thoroughly at the time of the writing of the original opinion. Counsel's viewpoint was well presented by the dissenting member of the Court. If counsel can present a case decided by a Court of Appeals with which our judgment is in conflict, we will certify the case to the Supreme Court for its final determination.

Application for rehearing will be denied.

GEIGER, J., concurs.
HORNBECK, PJ., concurs in overruling application for rehearing.
BARNES, J., dissents.