OPINION
By HORNBECK, J.
Submitted on (1) motion, dated June 24, 1942, of plaintiff-appellee and defendants-appellees, Mary Boland. Katherine Gruber, Anna Ford, Julia Caley, James Welsh, William Welsh, Mathew Welsh, Nora M. Page, Timothy Murnan, Mary Meyer, Grace Visser, Howard W. Meyer, John J. Meyer, Maria Miller, Nellie Pagnard, Virginia Rea and Ruth Hirt, to certify the record to the Supreme Court of Ohio for the reason that the judgment herein is in conflict with the judgment pronounced upon the same question by the Court of Appeals of the Seventh District of Ohio in Lichtenberger v Milligan, 63 Oh Ap 107; and,
(2) Upon a supplemental motion of date June 30, 1942, asking that if motion No. (1) be overruled, in the alternative the Court set aside and vacate its former judgments dated June 6, 1942, and April 4, 1941, to dismiss this appeal upon law and fact, for the reason that it is apparent upon the record that this case is consolidated' and that this action under the pleadings is primarily an action to recover specific real property and is, therefore, not appealable on law and fact and that the Court is and was without jurisdiction to hear this case de novo in chancery, and the judgments entered by the Court are repugnant to the provisions of the Fourteenth Amendment of the United States Constitution.
The motion to certify must be considered in the light of the Amendment to the Constitution of Ohio of 1912, Article IV, paragraph 6, the pertinent part of which is as follows:
“Whenever the judges of a Court of Appeals find that a judgment upon which they have agreed is in conflict with the judgment pronounced upon the same question by any other Court of Appeals of the State, the judges shall certify the record of the case to the Supreme Court for review and final determination.” (Emphasis ours.)
The test, then, is whether or not our judgment is in conflict with the judgment in the cited case upon the same question. House v Stark Iron & Metal Co., 33 Abs 355. The one and only instance prior to finding and judgment wherein we were required to consider the *409 type of appeal under which this cause would proceed in this Court was upon the motion of appellees for an order dismissing the appeal on law and fact, for the following specific reason: (1) That it is apparent upon the face of the record that the appeal was not perfected as required by §18323-6 GC, in that the judgment was rendered in favor of the plaintiff upon an accounting in equity in the sum of $18,056.02; that the bond, by the order of the Court, at the request of the appellants, was for $1000.00, plainly contrary to the mandatory provision of said section. The second ground was directed to the failure of the appellants to file a bill of exceptions and could not in any manner affect the appeal on questions of law and fact.
This motion was considered upon the specific ground assigned, determined adversely to the movers and overruled. It is obvious that the Court did not have presented to it, consider or adjudicate the question now presented by the first motion herein. The question now urged and decided in the cited case, Lichtenberger v Milligan, supra, and in other authorities cited by appellees, is brought to our attention for the first time on the motion to certify. The situation thus presented does not in our judgment permit or require a certification of conflict. The first motion will, therefore, be overruled.
The second and alternative motion seeks an order vacating our final judgment and the order overruling the motion of appellees to dismiss the appeal on questions of law and fact because this Court had no jurisdiction to entertain the appeal as upon questions of law and fact. The question has been voluminously briefed.
The question now raised on this motion was not at any prior time brought to the attention of the Court. The suit of the appellees is in partition. They invoked such action in the Common Pleas Court and likewise in this Court and, subject only to the objection set; forth in the motion to dismiss the appeal on questions of law and fact, interposed no objection whatever to the jurisdiction of this Court.
We consider the question upon the assumption, although not the concession, that the judgment was not appealable on questions of law and fact.
Jurisdiction is the power of a court to hear and determine the cause generally. This Court by the Ohio Constitution is given capacity to entertain appeals on questions of law and fact, general jurisdiction to determine the subject matter of such appeals and to pass upon and determine its own jurisdiction. The test of jurisdiction is the Court’s power to act at all, not the correctness of its decision in so acting.
We recognize that jurisdiction of a court of the subject matter may be raised at any time, even after judgment but the test of jurisdiction of the subject matter is not so limited as contended for by appellee. Improvement Co. v Malone, 78 Oh St 238. The question presented is no longer an open one in Ohio but has been decided adversely to the claim of appellees both before and since the Constitution of 1912. 2 O. Jur., 562-4; Drake v Tucker, 83 Oh St 97; Cadwell v Cadwell, 93 Oh St 23; The Trumbull Savings & Loan Co. v Saviers, et al., 115 Oh St 403; Union Trust Co. v Lessovitz, 122 Oh St 406; Habecker v Houck, 16 Abs 58.
*410 The second motion, of date June 30, 1942, will be overruled.
BARNES, J., concurs.
GEIGER, PJ., concurs in overruling of second motion; dissents from the overruling of the first motion.