OPINION
By BARNES, J.
The above-entitled cause is now-being determined as an error proceeding by reason of defendant’s appeal on questions of law from *439 the judgment of the Court of Common Pleas of Franklin County, Ohio.
It will be noted that there are two actions, consolidated in the trial court and by agreement, submitted together in this court.
The question involved in this appeal is identical in both cases.
The action grew out of a collision between two motor vehicles operated on Brown Road near the south terminus of the City of Columbus, Ohio.
Frank Arthurs was a passenger in one of the motor vehicles, which was operated by one George Thompson. This motor vehicle was owned by Helen Boggs, but she was not in the motor vehicle at the time of the accident. Arthur’s cause of action was for personal injuries, medical care, medicine, hospitalization, etc. Mrs. Boggs’ .action was for damages to her motor vehicle.
The other motor vehicle involved was a coal truck owned by the Citizens’ Coal Company, defendant, which was being driven by a man by the name of Sheets, who .at the time was regularly employed as a driver for the defendant company.
The accident happened at night, and according to defendant’s claim, after working hours.
Brown Road was tarvia surfaced and the improved portion not very -wide. The negligence complained of was that the coal truck, which was being driven south was operated partly on the left hand side and although the driver of the Boggs car pulled over to his right edge of the road as far as ■possible, the driver of the coal truck failed to pull báck on his ■own side of the road in time to avoid the accident.
Judgment was returned for both •plaintiffs. Defendant filed motion for new trial, and also for judgment non obstante veredicto. The court overruled the motion for judgment non obstante, but sustained the motion for new trial on the ground that the verdict was against the manifest weight of the evidence. Defendant prosecutes its appeal on the ground that the trial court was in error in refusing to sustain the motion for a judgment non obstante.
Defendant bases its claimed error on the sole ground that the record as a whole fails to establish that Clifford Sheets, the driver of the coal truck, was operating the same for the defendant company in the course of its business.
Of course, it is recognized that this is an element of plaintiff’s case, and before either can recover, the evidence must establish, either directly or indirectly, that the driver of the coal truck was acting within the scope of his authority.
On this question plaintiff introduced no direct evidence at all, except on the question of the ownership of the truck and that the driver, Clifford Sheets, was one of their regular drivers on this particular truck.
It is the theory of counsel for plaintiff, as well as that of the trial court, that the evidence of ownership of the truck and its operation by a regular employee made a prima facie case and required no direct evidence that such employee was operating in the regular course of his employment. On this question we are favored with the written opinion of the trial court, and in arriving at his conclusion he cites two decisions of our court, as follows: House v Stark Iron & Metal Co., 33 Abs 343; and Dowd-Feder Co., Inc., v Truesdell, 17 Abs 647.
The trial court expresses doubt as to whether or not the House case, supra, had application, but- *440 does conclude that our opinion in the Dowd-Feder Company case, supra, required him to overrule defendant’s motion for judgment non obstante.
Syllabi 5 and 6 in the Dowd-Feder ease, supra, cover our opinion on this particular question. In the interest of saving space we copy syllabus 6, which reads as follows:
“6. In the absence of the introduction of any evidence by a defendant used car company as to the nature of the business their salesman was engaged in when he ran into the plaintiff and injured him while driving his employer’s car, which is matter peculiarly within the knowledge of the defendant, the inference that the salesman was driving the car within the scope of his employer’s business is sufficient to sustain a verdict for the plaintiff.”
It will be noted that the quoted syllabus sets out as a predicate for the rule the absence of any evidence by the defendant, etc.
Syllabus 5 contains the predicate “and in the absence of any evidence to the contrary, an inference arises.”
The trial court was laboring under the impression that when passing upon the motion for judgment notwithstanding the verdict he could not consider any evidence other than that most favorable to the plaintiff, and that the inference arising from the proof of ownership of car operated by an employee made out plaintiff’s case and that the court would have no authority to consider the evidence presented through cross-examination by plaintiff of the president of the defendant company, nor the evidence presented by defendant at the close of plaintiff’s case.
This was probably the early rule, but the same has been modified through the amendment of Code Section 11601 GC.
The present-day rule is that where considering the entire record, reasonable minds can arrive at but one conclusion, the trial court may enter judgment non obstante.
In the instant case the president of the defendant company testified on cross-examination that the coal truck was out in the' general direction of the driver’s home; that no coal was in the bed of the truck; that about 400 lbs of coal were in a compartment under the bed of the truck, which was ordinarily used for carrying tools, canvas and spare tires. This compartment was never used for hauling coal for delivery to customers.
Claude Hale testified that he was the manager of the defendant company and had control of the trucks and drivers in that he-gave the directions when and where to make deliveries. That at the close of the day’s work the trucks were kept in the yard; that they were never used by any of the employees as a means of transportation to their respective-homes; that on the day in question the driver Sheets reported to him at his home, which was in close proximity to the yard, after the-last two deliveries; that then and there he was ordered to take the-truck to the yard and thus end his-services for the day. This witness further testified that he had no knowledge that the driver Sheets was intending to take the truck or did take the same out on Brown Road. Further, that he had no authority so to do. That 400 lbs of coal was found in the compartment ordinarily used for shovels,, tools, canvas and spare tires. That no coal was found in the bed prop *441 er or along the highway; that the driver Sheets did not report the next morning but did report on Saturday for his pay, and that at that time he was discharged for stealing coal.
The trial court analyzed this testimony and determined that he does have the right to consider this evidence on motion for new trial, and unhesitatingly sustains this motion, determining that the verdict was against the manifest weight of the evidence.
We think that the evidence to the contrary was so over-conclusive as to rebut the inference that would arise from the ownership of the truck and its operation by an employee.
The strength of the prima facie rule necessarily depends on the circumstances and evidence in each particular case. Volume 42, A. L. R., p. 904; Landry v Oversen, 187 Iowa, 284, (174 N. W. 255).
It disappears when surrounding circumstances are such that its recognition is unreasonable. Frocco v Carver, 234 N. Y. 219 (137 N. E. 309).
“The prima facie case for the plaintiff made out by proof that the defendant owned the automobile which injured him is based solely upon an inference, and not upon the presumption declared by law; it must yield to direct and unequivocal evidence rebutting the inference; and so, where the evidence introduced to meet the prima facie case is of such nature as to leave no reasonable ground for an inference based solely on the fact of the defendant’s ownership of the automobile, together with the fact that the person driving it was in his employ, and that the driver was acting within the scope of his employment at the time of' the accident, a judgment for the plaintiff can not be sustained. Maupin v Solomon, (1919), 41 Cal. App. 323, 183 Pac. 198.
And if so overcome by proof that the automobile was not in the owner’s possession or that of his servant, or was not being used by the servant within the scope of his employment, the defendant is entitled to a directed verdict in his favor. Tischler v Steinholtz (1923) 99 N. J. L. 149, 122 Atl. 880.
So the fact that, from the ownership of an automobile being operated upon the highway, an inference arises that it was being operated by or on behalf of the owner of the car, and under circumstances which would render him liable for injuries caused by it, does not require the court to submit the question of the owner’s liability to the jury, if there is undisputed and uncontroverted evidence that at the time of the injury the driver of the car was not engaged in the employer’s business. Curry v Bickley (1925) 196 Iowa, 827, 195 N. W. 617.”
42 A. L. R. 905.
In any case where the explanation of the defendant is questionable, it is the undoubted duty to submit the matter to the jury for determination. In the instant case there certainly could be no question that at the time of the accident Sheets was not driving the car on the company’s business, but wholly for his own purpose without authority.
Counsel for plaintiff-appellee stresses the point at length that the defendant company failed to call the driver as a witness, although he had been subpoenaed by them and was present at the time of the hearing.
We have no difficulty in arriving at an understanding why either *442 party would hesitate to call this witness. It is very reasonable to understand that this driver, having been discharged by the defendant company for stealing coal, would probably not be friendly. At least, counsel would possibly feel that they would not take a chance on a witness who had admittedly stolen their coal. Plaintiff had the right to call him, but we can understand why counsel would hesitate to do so.
We return to the proposition that the burden was at all times upon the plaintiff, and inferences from the ownership of the car and the identity of this driver may be sufficient to make a prima facie ease in the absence of any explanation.
This rule was promulgated due to the fact that the defendant is in better position to know who was operating his car and in what relation, and hence such owner would not be' permitted to remain mute and then say plaintiff had made no proof. The burden of proof remains upon the plaintiff at all times, and where the defendant presents clear and conclusive testimony to the contrary and plaintiff goes no farther, the latter 'must fail in his proof.
We are constrained to the view that the judgment of the Common Pleas Court must be reversed and costs in this court will be adjudged against the appellee.
Coming now to enter the judgment which should have been entered in the court below, the action of both plaintiffs will be dismissed.
GEIGER, PJ., & HORNBECK, J., • concur.