**FOLDEN, Plaintiff-Appellee, v. WOLF, Admr. et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4569.   Decided June 4, 1951.

Herbert & Dombey, Columbus, for appellee.
Paul R. Gingher, Columbus, for appellants.

### OPINION
By WISEMAN, J.

This is an appeal upon questions of law from the judgment of the Municipal Court of Columbus.

Plaintiff recovered a judgment in the amount of $404.55 against the estate of Sollie Gay, deceased, as damages to plaintiff's automobile caused by the negligence of Sollie Gay in the operation of an automobile owned by the Haverfield Company, which was owned and conducted by Ralph Haverfield. This judgment was not paid. Subsequently plaintiff filed her supplemental petition under the provisions of §9510-4 GC, against the State Automobile Mutual Insurance Company, alleging that prior to and at the time of the collision there was in full force and effect an automobile insurance policy issued by defendant insurance company covering the operation of the automobile driven by Sollie Gay, by the terms of which said insurance company insured Sollie Gay in the operation of said automobile.

The cause was tried to a jury. At the close of all the testimony counsel for the insurance company moved for judgment and for a directed verdict, which motion was overruled. The jury rendered a verdict for the plaintiff in the amount of $404.55 and judgment was entered on the verdict. Defendant's motion for new trial was overruled.

The notice of appeal is directed to a judgment rendered on January 30, 1951, which was the date of the filing of the entry overruling motion for new trial. The judgment on the verdict was journalized November 21, 1950. There being only one judgment rendered from which an appeal could be taken, the designation of the incorrect date is not fatal to the appeal. Great liberality is extended to the appellant in amending the notice of appeal to conform to the facts of record. **Mosey v. Hiestand, 138 Oh St 249.** The notice of appeal may be amended at bar by striking out the date of January 30, 1951 and inserting November 21, 1950.

The only error assigned by defendant-appellant is that the Court erred in overruling defendant's motion for judgment and for a directed verdict. A motion for a directed verdict

admits all uncontroverted facts or undisputed evidence on the essential issues in the case and presents only a question of law for the Court as to whether the essential issues have been supported by sufficient evidence to warrant a submission of the case to the jury. **39 O. Jur. 791.** In ruling on the motion for directed verdict the Court is required to construe the evidence most strongly in favor of the party against whom the motion is directed. **Vol. 39 O. Jur. 794.**

The defendant contends that the undisputed evidence in the case, as a matter of law, is insufficient to sustain the plaintiff's cause of action on the principal and essential issue, to wit: Was Sollie Gay at the time of the collision operating the Packard automobile by permission of the insured?

The insurance policy contained the usual provision that the word "insured" includes "any persons while using the automobile and any person or organization regularly responsible for the use thereof, **provided the actual use** of the automobile is **with the permission of the named insured.**" (Emphasis ours.)

Was Sollie Gay operating the Packard automobile at the time of the collision with the permission of the insured? In brief the evidence, which is uncontradicted, shows that Sollie Gay was employed by Ralph Haverfield as chauffeur; that on the date of the accident the Haverfields were at Hot Springs, Virginia; that Gay was authorized to use the automobile under the personal direction of the Haverfields; that he was authorized to use it in driving from the Haverfield residence to his residence and return, and to and from the filling station; that the maid in the Haverfield home could send him on errands for the household and to pick up mail addressed to the maid at her former residence. Gay was not authorized to use the automobile for his own pleasure, on errands of his own, or in transporting relatives from one place to another. The evidence is undisputed that at the time of the collision Gay was operating the automobile for the purpose of transporting his niece from the Haverfield residence (where he had taken his niece and where she spent several hours prior to the collision) to her place of employment. The evidence showed no other purpose for the trip; and there is no evidence from which a reasonable inference may be drawn that at the time of the collision he was operating the automobile on a mission for which permission had been granted.

The evidence clearly shows that Gay was operating the automobile at the time of the collision on a mission of his own and in disobedience to instructions. The facts show a complete departure from that for which permission was granted.

The plaintiff contends that from the mere fact that Gay was operating the automobile owned by the insured, a reasonable inference may be drawn that the operation was by permission of the insured, and that a factual issue was presented which should be submitted to the jury. Such inference may be drawn in the absence of explanatory evidence. Where such inference is completely refuted by clear, positive and conclusive testimony to the effect that the automobile was being operated without permission an inference to the contrary to such evidence may not be drawn. In our opinion reasonable minds might not reasonably reach different conclusions on this issue. That the evidence is insufficient, as a matter of law, to sustain the plaintiff's case is supported by **Gulla v. Reynolds, 151 Oh St 147,** 85 N. E. (2d) 116; **Kazden v. Stein, 118 Oh St 217,** 160 N. E. 704; **Baily v. Weaver, 67 Oh Ap 259,** 35 N. E. (2d) 1006; **Arthurs v. Citizens' Coal Co., 37 Abs 438,** 47 N. E. (2d) 654. In this case, as in Gulla v. Reynolds, the policy provided that permission must be shown to have been given for "actual use" of the automobile. See also the unreported case of **Senn v. Lackner, 59 Abs 449,** decided by this Court on January 17, 1951, and on application for rehearing on March 8, 1951, Montgomery County, No. 2125. In that case it was strongly urged that the evidence as to the purpose of the trip was not strong enough to overcome, as a matter of law, the inference of agency which would ordinarily arise from the fact of ownership of the automobile. The Court discusses at length this question, citing a number of Ohio cases and cases in other jurisdictions, and concluding that an inference cannot prevail against clear and undisputed testimony on the subject.

In our opinion the trial court should have sustained defendant's motion for a directed verdict and judgment. In overruling the motion the court committed prejudicial error. In such cases the reviewing court may enter the proper judgment. Accordingly, judgment is entered for defendant.

HORNBECK, PJ, MILLER, J, concur.

### ON APPLICATION FOR REHEARING

No. 4569. Decided September 11, 1951.

### OPINION

By THE COURT.

Application for rehearing is hereby denied.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

## ON MOTION TO CERTIFY JUDGMENT

No. 4569.   Decided May 14, 1952.

### OPINION

By THE COURT.

Submitted on motion to certify on the ground that the judgment rendered in this case is in conflict with the judgments rendered in **Rosenberg v. Reynolds, 11 Oh Ap 66**, and **Fredericks v. B. L. Williams Co., 68 Oh Ap 217**.

Motion to certify is hereby overruled.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.